| 69 | 611 |
| 75 | 614 |

STATE, USE J. T. BARNETT, *v.* A. J. DALTON ET AL.

1. OFFICER. *Negligence of deputy. Appointment. Act of plaintiff.*

    The action of plaintiff in attachment in naming a person to act as deputy sheriff, and requesting his appointment to execute the writ, is not such an interference as will relieve the sheriff and his bondsmen from liability to the plaintiff for the negligence of the deputy, resulting in the loss of goods levied upon and left in his charge.

2. NEGLIGENCE. *Property attached. Loss. Liability of officer.*

    Where a stock of goods in a store is levied on under attachment, and, being inconvenient to move, is left there for a few days, and is destroyed by fire, the sheriff is not liable to the plaintiff for the loss, it not appearing that there was reason to believe that the store-house was an unsafe place. In such case, reasonable care, which is the measure of the officer's liability, does not require immediate removal.

3. PRACTICE. *Challenge of jurors. Supreme court. Immaterial error.*

    A judgment will not be reversed for the error of allowing a party in a civil case a fifth peremptory challenge. If the case has been tried by an impartial jury, neither party can complain.

4. SAME. *New trial refused. Right result.*

    Where it appears that another trial, properly conducted, could only result in a judgment for the appellee, the supreme court will not reverse.

FROM the circuit court of Prentiss county.
HON. LOCK E. HOUSTON, Judge.

Action by J. T. Barnett against appellees, A. J. Dalton and the sureties on his bond as sheriff of Prentiss county. The declaration alleges, as a breach of the bond, that the sheriff had levied an attachment in favor of Barnett against one Maxwell on a certain stock of goods, and that the same

was destroyed by fire through the negligence of the defendant, Dalton, whereby plaintiff lost his debt. There was a plea of general issue and notice of special matter in defense.

Briefly stated, the material facts, as shown on the trial, were as follows: On November 9, 1889, appellant, Barnett, sued out an attachment against Maxwell. The writ was delivered to the defendant, A. J. Dalton, sheriff of Prentiss county, who, on November 10, levied the same on a stock of goods of the defendant, W. C. Maxwell, in his store-house in the country, about seventeen miles from Booneville, the county site. S. M. Barnett, agent of the plaintiff, was with him at the time of the levy, and there were certain negotiations between him, Barnett, and Maxwell, looking to a compromise and settlement of the suit. Looking to this, by direction of Barnett, the sheriff delivered Maxwell the books of account which had been levied upon, and locked up the store containing the goods, and thereupon he (Dalton) and Barnett left for Booneville, intending to return on the following Tuesday or Wednesday, and inventory the goods if the compromise was not effected. This was Sunday. On arriving at Boonville they had a conference with Mr. Selman, plaintiff's attorney, who informed them that the levy made on certain cotton was defective. Thereupon, it was agreed that another levy should be made. On account of his duties as tax-collector, the sheriff stated that he could not return, and it was suggested that a deputy could be sent out the next day to make the levy on the cotton and to inventory the goods in the store; and one Kimball, who had been acting as deputy sheriff, and who had experience, was finally agreed on and sent, plaintiff's agent furnishing him a horse for that purpose. On the part of the defendant, there was evidence tending to show that he desired to send another deputy, but that the attorney for plaintiff objected to this, and insisted that Kimball should be sent. There was some conflict in the evidence on the point, but, in view of the

opinion of the court, it is not deemed necessary to make any further statement of the facts in regard to this.

On the next day Kimball was deputized to further execute the process, and to take charge of and inventory the stock of goods, and he, with S. M. Barnett, the agent of plaintiff, went to the store. After some consultation between Barnett and Maxwell, the former told Kimball that the compromise had not been effected, and to proceed with the inventory. This was done, and, after the inventory was finished, it was suggested that the goods should be boxed up and removed to the store-house of one Millican, distant from the store about one-half mile. The store in which the goods were situated was about two hundred and fifty yards from the residence of the defendant, Maxwell, and the other store-house was within about eighty yards of Millican's residence.

The deputy, Kimball, testified that he did not have a sufficient number of boxes to pack the goods in order to remove them, and, further, that while Millican said that the goods might be put in his store, he stated that he would not be responsible for them. Kimball further testified that his main reason for not removing the goods was that he was afraid of the breakage of the glassware, a considerable portion of the stock consisting of glassware and drugs. There was evidence tending to show that Maxwell's store-house had been broken into some time before that, and S. M. Barnett, plaintiff's agent, testified that he informed Kimball that he had heard, through a reliable source, that if the goods were left in Maxwell's store they would be burned. Kimball denied this, and testified that, after conferring with Millican, he concluded not to remove the goods, but to leave them in the store until a future day. He did so, and returned to Booneville. This was on Tuesday, and the store was burned on Thursday night. Kimball further testified that he left the goods in charge of no one, but that they were locked up in the store, which he considered a little safer than Millican's store, as it was nearer a residence.

The court instructed the jury, in substance, that it was the duty of the sheriff to properly execute the process, and to take reasonable and proper care of the property levied upon, and that he and the sureties on his bond were liable for the failure to safely and securely keep the property, unless, by the act of plaintiff or his agent, he was relieved of this duty; also, " that the law fixing liability upon sheriffs is of a character so highly penal that very slight circumstances may relieve them." Among others, the court gave, at the instance of defendant, the following instruction:

" The court charges the jury that the issue in this case is not as to whether the goods were burned, but as to whether the burning was the result of the negligence of the defendant, Dalton, and, unless the jury should believe that the loss was the result of carelessness or mismanagement of the defendant, they will find for defendants."

The plaintiff asked instructions seeking to enforce a more strict rule of liability against the sheriff, but these instructions were modified, and the rule of liability, as above indicated, was laid down for the guidance of the jury.

The opinion contains a further statement of the facts necessary to an understanding of the points decided.

*B. A. P. Selman* and *J. M. Boone,* for appellant.

1. Defendants were only entitled to four peremptory challenges. Code 1880, § 1708. It is immaterial that there were several defendants. Even in criminal cases, where defendants are jointly tried, they are only entitled to the number of challenges allowed one defendant. Code 1880, § 3070.

2. This is an action upon the sheriff's bond, and not a motion against the officer, in which the strict rule of liability referred to in *Simms* v. *Quinn,* 58 Miss., 221, and *Skinner* v. *Wilson,* 61 *Ib.,* 90, is applicable.

Plaintiff does not seek to enforce a penalty, but to recover the actual damages sustained by reason of the sheriff's negligence.

The court erred in modifying plaintiff's charges, and particularly in telling the jury, by the third instruction, "that the law fixing liability upon sheriffs is of a character so highly penal that very slight circumstances may exempt them." The rule so announced is not applicable in a case of this kind. Plaintiff was entitled to have the law charged as set forth in the instructions asked—namely, that the sheriff was liable for the failure to take due care of the property levied upon.

3. The court also erred in instructing the jury that the defendants were not liable for the negligence of the deputy, Kimball. In the first place, the evidence shows that plaintiff did not select this person, but merely suggested his name, he being a deputy. A mere request that a particular officer may be employed in the execution of a process does not constitute such officer an agent or special bailiff of the party. Harrison's Dig., vol. 3, 6077 and authorities there cited; 1 W. W. & H., 300; 2 Jur., 568; 1 H. & W., 6591; 1 Chitty, 613 and note. See, especially, *Corbert* v. *Brown*, 6 Dowling, P. C., 794; 4 *Ib.*, 557.

4. The negligence of the officer in this case can admit of no doubt, and the rule as laid down by the authorities—namely, that he is held to the same degree of prudence and care in respect to property under seizure as a careful and prudent man would likely exercise over his own property—is applicable. As to this, see *McKay* v. *Scott* (La.), 2 So. Rep., 584; 6 *Ib.*, 558; 14 Pa. Rep., 16; 23 *Ib.*, 132.

He is required to use the same diligence as a bailee for hire. 25 How., 277; 27 N. Y., 234; Freeman on Executions, § 270; 14 Am. St. Rep., 575; 14 Mass., 352; 15 *Ib.*, 10.

Kimball did not exercise the care a prudent man would have exercised over his property. It was not necessary for us to prove that he was guilty of "culpable negligence." Yet this was the rule laid down in one of defendant's instructions. After being informed that the store had been broken into, and that there was danger of fire, he suffered the goods to remain in the store of Maxwell, who was unfriendly to

plaintiff, in charge of no one, and left for an indefinite time. This was exposing them to a risk that no reasonable man would have incurred under like circumstances in respect to his own property.

We know that the court is loth to disturb the finding of a jury on a question of fact, but, in this case, the instructions were so manifestly erroneous that the jury was not furnished with the proper guide, and the verdict should not be allowed to stand.

*Boone & Allen,* for appellees,

Filed a lengthy brief, discussing the testimony and the instructions. In support of the judgment, counsel cited the following authorities: *Moyers* v. *Insurance Co.,* 64 Miss., 48; *Meyer* v. *Blakemore,* 54 *Ib.,* 570; *Dean* v. *Tucker,* 58 *Ib.,* 487.

The correct rule of liability was laid down by the court below. *Skinner* v. *Wilson,* 61 Miss., 90; *Simms* v. *Quinn,* 58 *Ib.,* 221; 33 Eng. C. L. R., 184 (6 A. D. & E., 699); 1 Chitty, 613; 2 W. Black, 952; 4 Taunt., 119; 18 Eng. C. L. R., 177 and note *a*; 1 Stephens' Com., 633; 4 Dowling, 557; 13 M. & W., 42; 62 L. J. C. B., 138. We call special attention to *Dunham* v. *Otis,* 19 Rich., 520, which we think is conclusive of this case.

Sections 3069 and 3070 of the code, in relation to challenges of jurors, apply only to trials in cases of crimes and misdemeanors. They do not alter the law as it previously existed in regard to civil trials.

But it does not appear that the jury selected was objectionable or that the plaintiff was in any way prejudiced by the ruling of the court, and this court will not reverse the judgment on this ground, even if the lower court erred. *Tatum* v. *Preston,* 53 Miss., 654.

WOODS, J., delivered the opinion of the court.

We fail to discover any merit in the position of the appellees, as to the supposed interference of the appellant, or his

agent or attorney, in the matter of the appointment of the deputy, Kimball, and the consequent release from liability of the sheriff because of the alleged negligence of this deputy. It is not unreasonable intervention for the plaintiff in a suit to express a desire to have some one levy the process, and discharge other duties imposed by law upon the sheriff, who is familiar with and competent for such official work. Not only is this not such intervention in the discharge of the sheriff's duty by a party litigant as will relieve the officer from liability, but it seems only the usual and natural effort of the party litigant to quicken the diligence of the official, and to promote the faithful performance of his duty.

It is equally certain, however, that there was not that want of care, in the dealings of the sheriff with the goods, which will render him and the sureties liable for the loss sustained in the destruction of the store-house and its contents. The reasonable care which was the measure of the officer's duty, did not necessarily require the immediate removal of the goods from the house where they were found, when levied upon, to the county site, or elsewhere; and it is not made clear that the removal to Millican's store-house would have rendered the goods more secure than in the Maxwell store-house. The plaintiff's agent thought the latter store-house reasonably safe, for the goods were to be left there, without any thought or suggestion of probable loss in so doing, at this agent's request, from Saturday until the Tuesday or Wednesday following. Millican, too, said on trial that Maxwell's store-house was as secure as his, in so far as danger of loss from burning went; and, undisputably, the loss complained of resulted from burning.

The action of the court in permitting to appellee a fifth peremptory challenge was erroneous, but the error is not reversible. The plaintiff, as has long been held in this state, had no vested right in any particular juror. He had a right to an impartial jury, and this right seems to have been enjoyed by him. We decline, moreover, to reverse, because an-

other trial, properly conducted, could only result in a judg-
ment for the appellees, on the evidence before us.

*Affirmed.*