### CHRISTOFF v DUGAN

Ohio Appeals, 6th Dist, Lucas Co
No 2501. Decided March 9, 1931

Fritsche, Kruse & Winchester, Toledo, for Christoff.
Boggs & Doty, Toledo, for Dugan.

RICHARDS, J:

The only errors relied on relate to impaneling the jury. The plaintiff contended that the defendants were jointly entitled to only four peremptory challenges of jurors under §11439 GC, which provides that "each party peremptorily may challenge four jurors." The trial court apparently held that each defendant was entitled to four peremptory challenges and one defendant did, in fact, exercise four such challenges and the other defendant three, and we think proper exceptions were saved to this action by counsel for plaintiff.

The general rule of law is that where the statute prescribes that "each party" may exercise peremptory challenges, the statutory expression "each party" must be construed as giving a specific number of challenges to each side, regardless of the number of plaintiffs or defendants on a side, in cases where the interests of the parties are essentially the same, but this rule must be limited to such cases of identity of interest among the defendants or plaintiffs, for, if the interests of the parties are essentially different or antagonistic, each litigant should be deemed a party and entitled to the full number of peremptory challenges. The law is thus stated in 35 C. J., 409 and in 16 R. C. L., 251, 252, and numerous authorities sustain the proposition.

In the case at bar the separate answer of the defendant Dugan consisted of a general denial and a plea of settlement and release effected with the husband of the plaintiff. The answer of the owner of the property admits that it was the lessor of the premises and denies the other allegations of the petition and denies that it

knowingly permitted the building and property to be used for gambling purposes. The defenses made by the several defendants were not essentially the same. The issues between the plaintiff and the defendant Dugan required that the plaintiff, before she could recover, need only establish that her husband had suffered losses at gambling on the premises operated by said defendant and the amount of such losses, but she would not be entitled to subject the building where the gambling was conducted to the payment of the judgment without establishing also that the owner knowingly permitted gambling on the premises.

A good illustration of the fact that where the defenses are essentially different, each defendant relying on such separate defenses is entitled to the number of challenges fixed by statute, is the case of Yonkus v McKay, 186 Mich., 203. In that case suit was brought for civil damages against two saloonkeepers and the surety on their bonds, and it was held that the defense of the surety being different from that of the other defendants, the surety was entitled to exercise the statutory number of challenges. The court in the course of the opinion, on page 207, used the following language:

"It is entirely obvious that the individual defendants might be held liable to respond in damages to the plaintiff, while the defendant bonding company could escape such liability* * * ."

So, in the case at bar, a recovery might be had against Dugan while the owner of the property might escape liability by reason of the fact that he had no knowledge that the premises were being unlawfully used.

Counsel for plaintiff rely on **Gram, et al. v Sampson, 4 C. C., 490,** but the decision in that case is not inconsistent with the rule announced above, for, in that case as shown by the syllabus, the defendants were making the same defense. It is apparent, therefore, that the trial court did not err in allowing four peremptory challenges to each defendant.

The bill of exceptions does not contain any of the evidence offered on the trial, but only the evidence showing what occurred in impaneling the jury. It does not appear, therefore, that the plaintiff was prejudiced by the rulings made in impaneling the jurors. Perchance the judgment was absolutely required by evidence. So far as the record shows, an impartial jury was obtained, and it has often been held that a party litigant has no right to a particular jury, but only to an impartial jury. Among numerous authorities so holding we cite only:

Barnett v Dalton, 69 Miss., 611; Stevens v Railroad, 26 R. I., 90; Bibb v Reid, et al, 3 Ala., 88.

For the reasons given the judgment will be affirmed.

WILLIAMS, J, concurs.

LLOYD, J, not participating.