[Civ. No. 10839. First Appellate District, Division One.—June 6, 1939.]

NATIONAL SANITARY RAG COMPANY (a Corporation), Appellant, v. FRANK L. LAWRENCE et al., Respondents.

Clyde C. Sherwood for Appellant.

Perry Evans and Francis W. Murphy for Respondents.

WARD, J.—This appeal pertains to the number of peremptory challenges that may be interposed against prospective jurors who have passed the qualification examination for cause. (Code Civ. Proc., sec. 601.)

The action originally was one for declaratory relief to determine the rights of the respective parties to certain United States customs duty refunds. The plaintiff named as defendants Lawrence and Tuttle individually and as copartners, and Geo. W. Reed & Co., a corporation. The defendants Lawrence and Tuttle individually and as copartners filed an answer, and as copartners cross-complained against the plaintiff corporation National Sanitary Rag Co. The corporation defendant Geo. W. Reed & Co. answered and filed a cross-complaint against plaintiff corporation. Several of the pleadings were subsequently amended.

Prior to the empanelment of the jury, cross-complainant Lawrence & Tuttle requested that each defendant and cross-complainant be permitted to exercise separately six peremptory challenges. The motion was granted. Defendant Geo. W. Reed & Co. used six challenges; Lawrence & Tuttle, five, and the plaintiff, five. During the trial of the action, the defendant Reed & Co. upon order of the trial court retired from further participation in the case upon the theory that any claim for a money judgment which it might have could be asserted against codefendants Lawrence and Tuttle only in case they should be successful in collecting certain fees from the plaintiff. It also appears that plaintiff had temporarily secured control of Geo. W. Reed & Co.; such control was subsequently released. The jury returned a verdict in favor of Lawrence & Tuttle.

 Appellant contends that the "other side" was permitted to use more peremptory challenges than allowed under the provisions of section 601, Code of Civil Procedure. In *Switzler* v. *Atchison etc. Ry. Co.*, 104 Cal. App. 138, 151 [285 Pac. 918], the court said: "We think the rule is well established in California and in other states having similar statutes or code provisions, that section 601 of the Code of Civil Procedure must be so construed as to require all of the defendants to join in the four peremptory challenges." In some states, where it appears that the parties on one side have conflicting rights, this rule has been modified. (*Rutland* v. *St. Louis etc. Ry. Co.*, (Tex. Civ. App.) 274 S. W. 284.) Irrespective of the harshness of this rule in California, in the present case the plaintiff was prejudiced theoretically rather than practically. The transcript on appeal does not contain any of the evidence; hence we are unable to say that the ruling injured plaintiff in the decision upon the merits of the case. Plaintiff did not use all of the six challenges allowed, and secured a jury which was apparently satisfactory. If there was error, it was without prejudice to the rights of plaintiff. (Sec. 4½, art. VI, Const. Calif.) Plaintiff did not have a vested right to the services of certain jurors excused by Geo. W. Reed & Co., but only to a fair and impartial jury.

The judgment is affirmed.

Knight, Acting P. J., concurred.