NIEVES ET AL., APPELLANTS, *v.* KIETLINSKI, APPELLEE.

[Cite as Nieves v. Kietlinski (1970), 22 Ohio St. 2d 139.]

(No. 69-201—Decided May 13, 1970.)

140

*Messrs. Sindell, Sindell, Bourne, Markus, Stern & Spero, Mr. John E. Duda* and *Mr. William M. Barrett,* for appellants.

*Mr. Lucas R. Boyson* and *Mr. Wayne C. Black,* for appellee.

LEACH, J. The important question before this court is whether the trial court erred to the prejudice of the defendant and allowed plaintiffs a number of peremptory challenges to which they were not entitled by law.

The controlling statute is R. C. 2313.44, which provides:

"In addition to the challenges for cause under Sections 2313.42 and 2313.43 of the Revised Code, *each party peremptorily may challenge four jurors.*" (Emphasis added.)

If the word "party," as used in that statute, means

each person who is a litigant in the action, the proper number of peremptory challenges allowable in a civil action is four times the number of persons who are litigants. On the other hand, if the word "party" includes all persons who are litigants in the action whose interests in the outcome of the action are the same, the proper number of peremptory challenges may vary from case to case.

We are convinced that not only is the latter interpretation the better view, but that such view has been followed by our lower courts since peremptory challenges first came into use in civil actions in this state.

Apparently the right to exercise peremptory challenges in civil actions did not exist at common law. 47 American Jurisprudence 2d 826, Jury, Section 239; 50 Corpus Juris Secundum 1069, Juries, Section 280. It is not too surprising, then, that Ohio's first act pertaining to juries, passed in 1816 (14 Ohio Laws 387), did not allow such a right. However, a second act, passed in 1824 (22 Ohio Laws 95), did. The original language used by the General Assembly to establish the right was that "each party may peremptorily challenge two jurors." (22 Ohio Laws 95, 98.) In the 146 years that have elapsed since the creation of this right the General Assembly has seen fit to reverse the order of the words "may" and "peremptorily" (114 Ohio Laws 193, 208), and to increase the number of challenges allowable to "four" instead of "two" (95 Ohio Laws 308), but the word "party" has never been changed or qualified by legislative fiat. This provision became a part of R. S. 5177, G. C. 11439, G. C. 11419-53, and finally R. C. 2313.44.

As early as 1890, in the case of *Moore & Co.* v. *Bricklayers' Union*, 23 W. L. B. 48, 10 Dec. Rep. 665, the Superior Court of Cincinnati had occasion to consider the meaning of the word "party," as used in R. S. 5177. That case involved an action by a plaintiff company against a number of defendants for damages arising from a conspiracy to injure plaintiff's business by frightening away its customers. At page 666 in the opinion Judge Taft stated:

"The first error complained of by defendants is that

the court refused to allow the half dozen defendants together to exercise more than two peremptory challenges. Section 5177 provides that 'each party may peremptorily challenge two jurors.' Defendants' counsel claims that this entitles each of the defendants to exercise two such challenges. We do not think so. It is true that in a certain sense, each defendant is a party to the suit, but, as used here, we think party means 'side,' and that all the plaintiffs are one party and all the defendants are the other.'' The judgment in that case was subsequently affirmed by this court, without opinion (51 Ohio St. 605).

The same question was presented in the case of *Gram* v. *Sampson* (1890), 4 C. C. 490, 2 C. D. 666, where a single plaintiff brought an action for false imprisonment against four defendants. In the opinion in that case Judge Stewart observed that the usual and ordinary meaning of the word ''party'' was, within the context of a civil action, ''he or they, by or against whom a suit is brought.'' He then noted that the Legislature had used the terms ''each person'' or ''each defendant,'' rather than ''each party,'' in those statutes providing for the right of peremptory challenges in criminal actions, and thus concluded that the Legislature intended a different rule to apply in civil and criminal cases.

At page 492 in the opinion it is stated:

'' * * * Thus construing the words used in the statute in their ordinary and as well in their legal sense, and giving effect to the statute in accordance with the manifest intention of the legislature, it seems clear to us that where, as in this case, several defendants are sued as jointly liable, if they make the same defense, although pleading and appearing at the trial by separate counsel, they must be treated as one party, and are not each entitled to two peremptory challenges; nor are they entitled to two peremptory challenges for each separate answer filed. This view is supported by a long line of authorities in other states. *Bibb* v. *Reid,* 3 Ala. 88; *Snodgrass* v. *Hunt,* 15 Ind. 274; *Blackburn* v. *Hays,* 4 Coldw. (Tenn.), 227; *McClay* v.

*Worrell,* 24 N. W. Rep. (Neb.), 429; *Sodousky* v. *McGee,* 4 J. J. Marsh, 267; *Stone* v. *Seegar,* 11 Allen, 568; *Schmidt* v. *R'y Co.,* 83 Ill. 405; Thompson & Merriam on Juries, Section 163."

Judge Stewart was careful to note, near the end of his opinion, that several litigants on the same side of a civil action could have interests antagonistic to one another, in which event they might each become a "party" within the context of the statute and separately be entitled to a full number of peremptory challenges, but he reserved that question for a future case.

*Christoff* v. *Dugan* (1931), 39 Ohio App. 475, is such a case. *Dugan* was decided after the language at issue in the present case had become a part of G. C. 11439. The full import of that decision is contained in the syllabus:

"1. Generally, 'each party' allowed peremptory challenges by statute refers to each side, regardless of number of litigants, where interests of parties are essentially the same (Section 11439, General Code).

"2. Peremptory challenges allowed 'each party' by statute should be given to each litigant if their interests are essentially different (Section 11439, General Code).

"3. Defendant sued for gambling debt, and owner of property sued for amount of recovery because knowingly permitting gambling, had different defenses and were entitled to four peremptory challenges each (Section 11439, General Code)."

A later case which accords with *Dugan* is *Chakeres* v. *Merchants and Mechanics Federal Savings & Loan Assn.* (1962), 117 Ohio App. 351. *Chakeres* was decided after the language at issue in the instant case had become a part of R. C. 2313.44. The first paragraph of the syllabus of that case provides:

"Pursuant to the provisions of Section 2313.44, Revised Code, which allow 'each party' four peremptory challenges, those who have identical interests or defenses are to be considerd as one party only and *collectively* entitled to the four challenges allowed 'each party.' But, where

those interests or defenses are essentially different or antagonistic, *each* is deemed a 'party' within the contemplation of such section and entitled to the number of challenges allowed therein.''

Insofar as we are able to determine, those cases constitute all the reported decisions of the courts of this state upon the particular issue involved in the instant case. Throughout those decisions we find a uniformity of interpretation of the pertinent statutory language which we feel accords with legislative intent. Thus, we adopt the rule expressed in paragraph one of the syllabus of *Chakeres* v. *Merchants and Mechanics Federal Savings & Loan Assn. supra* (117 Ohio App. 351), insofar as it pertains to the facts of this case.

In the instant case, all the plaintiffs joined in a common petition, under the voluntary joinder provisions of R. C. 2307.191. The same statement of facts served as the basis for each cause of action. The same attorneys represented each plaintiff. Each plaintiff expressed an interest identical to the other, save for degree of injury and amount of damages. Under these circumstances, it was error for the trial court to consider each of the plaintiffs as a separate "party" under the provisions of R. C. 2313.44. Plaintiffs were only entitled to exercise a total of four peremptory challenges.

The only question remaining is whether the error in this case was sufficiently prejudicial to the defendant to warrant reversal of the judgment of the trial court. Plaintiffs argue that defendant has failed to demonstrate that the jury, as finally empaneled, was otherwise than impartial, and that absent such a showing the judgment of the trial court should be affirmed. Defendant contends that prejudice exists as a matter of law.

Under the circumstances of this case we agree with the defendant. Even though the record does not disclose that the jurors who decided the case were prejudiced so as to have entitled defendant to any challenges for cause, the right to exercise peremptory challenges is a substan-

tial right. It permits a party to remove a limited number of jurors thought to be objectionable, even though no possible basis for challenge for cause exists.

Rulings which, in effect, erroneously reduce the number of peremptory challenges available to a party have been held to be prejudicial, on the basis of deprivation of a substantial or valuable right. *Francone* v. *Southern Pac. Co.* (1944), 145 F. 2d 732. Where erroneous rulings of the court have the effect of increasing the number of peremptory challenges of the adverse party, a new trial likewise has been ordered. *Searle* v. *Roman Catholic Bishop of Springfield* (1909), 203 Mass. 493, 89 N. E. 809. As stated in *Searle,* the erroneous rulings gave the adverse party ''an additional power of choice, and made his right of peremptory challenge relatively more valuable, while the defendant's similar right was made relatively less valuable,'' thus entitling defendant to a new trial.

Where one side is allowed a number of peremptory challenges far in excess of that permitted by statute, as in the instant case, the balance of interests, as between the parties to the action, is sufficiently disturbed to warrant a finding of prejudice as a matter of law.

For these reasons, the judgment of the Court of Appeals, reversing the judgment of the Court of Common Pleas, is affirmed.

*Judgment affirmed.*

O'Neill, C. J., Schneider, Herbert, Duncan and Corrigan, JJ., concur.*

Leach, J., of the Tenth Appellate District, sitting for Matthias, J.

---

*Chief Justice Taft participated in this case which was, however, decided after his death.