Susan J. WILSON, Appellant,

v.

Bruno CERETTI, d/b/a Bruno's Tavern, et al., Appellees.

No. 55948.

Supreme Court of Iowa.

Sept. 19, 1973.

Marlyn S. Jensen, Des Moines, for appellant.

Gerry Rinden, for Klockau, McCarthy, Lousberg, Ellison & Rinden, Rock Island, Ill., for appellees.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, REES and UHLENHOPP, JJ.

RAWLINGS, Justice.

This appeal by plaintiff stems from limitations imposed in a civil action upon voir dire of prospective jurors, jury selection, and related remarks by trial judge. We affirm.

Pursuant to provisions of The Code 1971, Section 123.95, commonly known as the Iowa Dram Shop Act, plaintiff seeks recovery of damages from three defendant liquor licensees. Trial resulted in directed verdicts for two defendants and a jury verdict for the other. During voir dire of prospective jurors plaintiff's counsel undertook to ascertain the nature of verdicts returned by juries in prior cases on which panel members had served. Thereupon trial court, in presence of the entire venire, interrupted plaintiff's counsel and reminded him of a court rule prohibiting such inquiry. At recess plaintiff's in-chambers motion for a mistrial based on the foregoing was overruled.

Attorneys were also then, for the first time, advised by trial court to the effect that peremptory challenges allowable would be six for defendant, three for plaintiff. To this plaintiff voiced an unsuccessful objection.

Plaintiff here urges, trial court erred in (1) unduly restricting the scope of voir dire examination by her counsel; (2) admonishing her attorney, in presence of the panel, to the effect he was violating a court rule; and (3) allowing defense counsel the right to exercise excessive peremptory challenges.

These issues will be considered in the order assigned.

I. Latitude allowed counsel in the voir dire of prospective jurors rests largely in trial court's sound discretion. See State v. Elmore, 201 N.W.2d 443, 446–447 (Iowa

1972); Anderson v. City of Council Bluffs, 195 N.W.2d 373, 377 (Iowa 1972). See also 47 Am.Jur.2d, Jury, §§ 195, 200–201; 50 C.J.S. Juries § 275.

■ As aforesaid, plaintiff's attorney was prevented from questioning panel members regarding prior verdicts in which they had participated. It is contended this served to unduly restrict counsel in the examination of prospective jurors. No Iowa cases directly on point are cited in the respective briefs instantly presented, and we find none. But research discloses at least two other jurisdictions have encountered the same problem and in each instance resolved it adverse to the appellant. See State v. Spencer, 257 La. 672, 243 So.2d 793, 795 (1971); Kelley v. State, 51 Okl. Cr. 249, 300 P. 436, 439 (1931). See also Sun Cab Company v. Walston, 15 Md.App. 113, 289 A.2d 804, 814 (1972). A discussion of the subject will serve no useful purpose.

We find in the instant assignment no abuse of discretion by trial court.

II. Did trial judge commit error by admonishing plaintiff's attorney, in presence of the jury panel, to forego the above noted line of inquiry?

During the aforesaid in-chambers conference, plaintiff's counsel contended and here urges he was intimidated and the panel members given cause to believe the court opposed plaintiff's cause by reason of the subject admonition.

■ It is axiomatic a presiding judge should at all times be fair and impartial in the performance of judicial duties and at the same time so conduct himself in the trial of a case as to constantly manifest such impartiality. See ABA Code of Judicial Conduct, Canons 2A, 3A(3); McVey v. McVey, 132 Cal.App.2d 120, 281 P.2d 898, 900 (1955); 53 Am.Jur., Trial § 76; 88 C.J.S. Trial § 36.

As to remarks by a presiding judge regarding courtroom conduct of counsel we said in Pickerell v. Griffith, 238 Iowa 1151, 1165, 29 N.W.2d 588, 596 (1947):

"Occasionally lawyers in the heat of trial may irritate the trial judge. But their zeal is usually pardonable and subsides with a cautionary word from the judge. It is the duty of a judge to listen with a most patient ear. There is a proper time and place to remind the lawyers in a trial of the proprieties of courtroom procedure, but that time and place is not when or where it will hurt a litigant's cause."

Accord, State v. Grady, 183 N.W.2d 707, 710–711 (Iowa 1971); Johnson v. Johnson, 245 Iowa 1216, 1223, 65 N.W.2d 157 (1954). See also 53 Am.Jur., Trial, §§ 88; 88 C.J.S. Trial § 49; Annot., 94 A.L.R.2d 826.

■ Mindful of the foregoing and relevant guiding principles we have examined at length the abbreviated record before us. This, however, sheds no light upon circumstances attending trial court's questioned comment. The record in that regard is totally inadequate for a meaningful review. It neither demonstrates, nor does plaintiff contend trial court was abusive, demeaning or oppressive. Thus plaintiff would have us reverse upon the bare contention trial court's admonition to her attorney was, per se, prejudicial. We do not elect to presume such prejudice.

There is no plausible basis upon which to now hold the overruling of plaintiff's aforesaid admonition-related mistrial motion constituted an abuse of discretion.

■ III. Next to be considered is plaintiff's claim to the effect trial court erred in allowing defendants six peremptory challenges and plaintiff only three.

Rule 187(g), Iowa R.Civ.P. provides, in relevant part:

"Each side may peremptorily challenge three jurors and must strike off two but *before the examination of the jury com-*

*mences* the court may in its discretion authorize and fix the number of additional peremptory challenges *where there are two or more parties represented by different counsel.*" (Emphasis supplied).

It is here conceded one attorney represented all three defendants. It is thus evident rule 187(g), quoted above, afforded trial judge no basis upon which to allocate additional peremptory challenges to defendants. Furthermore, the disputed privilege was granted *after* examination of the jury panel had commenced. Therefore, the allowance to defendants of excessive peremptory challenges constituted error in two respects.

But plaintiff has never claimed any prejudice resulted therefrom. Rather she asserts the aforesaid errors served, per se, to deny her a fair and impartial trial. Thus the narrow issue to be resolved is whether allowance of excessive peremptories to multiple parties represented by the same counsel constitutes reversible error absent any showing of prejudice.

At best, we can determine this poses a question never heretofore presented to or resolved by this court.

Courts in other jurisdictions are not in accord on the instant subject. Compare National Sanitary Rag Co. v. Lawrence, 33 Cal.App.2d 198, 91 P.2d 120, 121 (1939); Upchurch v. Barnes, 197 So.2d 26, 27–28 (Fla.App.1967); Bailey v. Deverick, 142 So.2d 775, 776–777 (Fla.App.1962); Florence v. City of Chicago, 76 Ill.App.2d 43, 221 N.E.2d 790, 793 (1966); Fick v. Wolfinger, 293 Minn. 483, 198 N.W.2d 146, 149–150 (1972); Tamburello v. Welch, 392 S.W.2d 114, 116–118 (Tex.1965); Roy L. Martin & Associates, Limited v. Renfro, 483 S.W.2d 845, 849–851 (Tex.Civ.App.— San Antonio 1972, no writ), with Moran v. Jones, 75 Ariz. 175, 253 P.2d 891, 892–895 (1953); Carter v. Beasley, 285 Ala. 9, 228 So.2d 770, 776 (1969); Albright and Wood, Inc. v. Wallace, 274 Ala. 317, 148 So.2d 240, 241–242 (1962); Utley v. Heckinger, 235 Ark. 780, 362 S.W.2d 13, 16–17

(1962); Nieves v. Kietlinski, 22 Ohio St. 2d 139, 258 N.E.2d 454, 456–457 (1970). See generally Annot., 95 A.L.R.2d 957; 5A C.J.S. Appeal & Error § 1708(b); 47 Am. Jur.2d, Jury, §§ 260–262.

Touching on the problem at hand is this statement in Baysinger v. Haney, 261 Iowa 577, 583, 155 N.W.2d 496, 499 (1968): "A judgment should not be reversed and litigation prolonged unless error appears which we may reasonably suppose affected the result to the prejudice of the losing party." See also 5 Am.Jur.2d, Appeal and Error, §§ 776, 780; 5A C.J.S. Appeal & Error § 1677.

And in 5A C.J.S. Appeal & Error § 1708(b) is found this statement:

"A case will not be reversed because error is committed by the court in a ruling on a peremptory challenge where no harm results to the objecting party from such ruling. Accordingly the fact that a party is allowed more or less than the legal number of peremptory challenges, or that a peremptory challenge is improperly overruled, is not cause for reversal of the case in the absence of prejudice to the complaining party."

That view is further supported by Fick v. Wolfinger, 198 N.W.2d at 149–150.

It is to us apparent, however, that where either side in a case is allowed one or more excessive peremptory challenges it would be manifestly unjust to compel the other side to prove actual prejudice resulted therefrom. It would usually impose an impossible burden upon the complainant.

We therefore now hold, in such instances the offended side shall be entitled to remedial relief upon showing, to the satisfaction of the court, (1) actual resultant prejudice, or (2) a clear and convincing probability of resultant prejudice. See generally Nieves v. Kietlinski, 22 Ohio St. 2d 139, 258 N.E.2d 454 (1970); Roy L. Martin & Associates, Limited v. Renfro, 483 S.W.2d 845, 851–852 (Tex.Civ.App.— San Antonio 1972, no writ). See also 47

Am.Jur.2d, Jury § 249; 5A C.J.S. Appeal & Error § 1708(b); cf. McKlveen v. Townley, 233 Iowa 328, 331, 7 N.W.2d 186 (1942).

And in taking this position it is to be understood we are here restricted to the matter of peremptory challenge rights in civil actions. See generally 47 Am.Jur.2d, Jury, §§ 260–263; 50 C.J.S. Juries §§ 279–280; Annot., 32 A.L.R.3d 747, 95 A.L.R.2d 957, 963–981.

It should at this point be also noted, a verdict adverse to the complaining party does not, without more, demonstrate either prejudice or clear and convincing proof of probable prejudice. See Fick v. Wolfinger, *supra*.

Although the record presented on this appeal discloses dual errors regarding allowance of excessive peremptory challenges to defendants it is totally devoid of any showing which would justify a reversal thereon under the standard set forth in the above holding.

Affirmed.