**Jill Hilton FIEGER, Plaintiff-Appellant,**

v.

**EAST NATIONAL BANK and Dan Rosendale, Defendants-Appellees.**

**No. 83CA0086.**

Colorado Court of Appeals, Div. III.

June 6, 1985.

Rehearing Denied July 3, 1985.

G.E. Shields, P.C., G.E. Shields, Lakewood, for plaintiff-appellant.

Rothgerber, Appel & Powers, James M. Lyons, Angelina Irizarry, Brent R. Cohen, Denver, for defendants-appellees.

BERMAN, Judge.

Plaintiff, Jill Hilton Fieger, appeals from an adverse jury verdict on her claims for breach of contract, negligence, and outrageous conduct against defendant, East National Bank of Denver f/k/a Colfax National Bank (bank), and for breach of contract and outrageous conduct against defendant Dan Rosendale, individually and as senior vice president of the bank. The claims arose out of a forged endorsement by plaintiff's father on a certificate of deposit held by the bank. Plaintiff predicates error on the jury selection process and various instructions which the trial court gave or alternatively refused to give to the jury. We reverse and remand for a new trial.

I.

Plaintiff contends that the trial court erred as a matter of law and violated C.R. C.P. 47(h) when it permitted the bank and Rosendale four peremptory challenges each while allowing plaintiff only four. We agree.

At the conclusion of the hearing on the motions *in limine* and after each side agreed that there were no further pre-trial issues to be discussed, counsel for the bank, in an off-the-record discussion, stated that he wanted four peremptory challenges for his client. The court, back on record, ruled that each defendant would be entitled to four peremptory challenges, for a total of eight. The court reasoned that since "each defendant was sued individually and not as an agent, and since two separate verdicts can be brought against defendants," each should be allowed four challenges. Plaintiff objected to this ruling.

C.R.C.P. 47(h) governs the number of peremptory challenges and provides:

"Each side shall be entitled to four peremptory challenges, and if there is more than one party to a *side* they *must* join in such challenges. Additional peremptory challenges in such number as the court may see fit may be allowed to parties appearing in the action either under Rule 14 or Rule 24 if the trial court in its discretion determines that the ends of justice so require." (emphasis supplied)

█ Defendants do not appear in this action either under C.R.C.P. 14 or C.R.C.P. 24. In addition, there is nothing in the record to indicate that defendants were asserting antagonistic defenses. Thus, we do not reach the issue of whether each side is limited to four peremptory challenges if the interests of multiple parties on the same side are in conflict. *See Patterson Dental Co. v. Dunn,* 592 S.W.2d 914 (Tex.1979).

█ We are aware of the decision by a division of this court in *Blades v. DaFoe,* 666 P.2d 1126 (Colo.App.1983)(*cert. granted* December 19, 1983) but decline to follow the rule there enunciated that in the absence of prejudice the verdict will not be set aside for error in allowing one or more peremptory challenges in excess of that provided by C.R.C.P. 47(h). Instead, we

agree with the reasoning in the dissent to that decision and conclude that where one side is permitted and exercises more peremptory challenges than are allowed by C.R.C.P. 47(h), the error is prejudicial as a matter of law and the complaining party need not show actual prejudice. *Kentucky Farm Bureau Mutual Insurance Co. v. Cook,* 590 S.W.2d 875 (Ky.1979); *Nieves v. Kietlinski,* 22 Ohio St.2d 139, 258 N.E.2d 454 (1970); *Moran v. Jones,* 75 Ariz. 175, 253 P.2d 891 (1953).

█ The purpose of allowing peremptory challenges is to enable a party to reject certain jurors based upon a subjective perception that they may be adverse or unsympathetic to his position even though no basis for a challenge for cause exists. *See Nieves v. Kietlinski, supra.* Although peremptory challenges are not constitutionally required, the right to exercise such challenges is a substantial one, and it should be enforced as an aid in securing an impartial jury. *Moran v. Jones, supra; Nieves v. Keitlinski, supra.* By allowing one side a disproportionate number of additional challenges, it permits the side with the greater number to unfairly tip the balance in its favor. *See Patterson Dental Co. v. Dunn, supra.* Such a manipulation of the scales of justice is sufficient to warrant a finding of prejudice as a matter of law.

In addition, an actual prejudice requirement would in effect nullify C.R.C.P. 47(h) which allows either side to excuse a juror, not because he is prejudiced against their side, but for intuitive and often unexplainable reasons. If we were to require a showing of actual prejudice, "the complaining litigant would be required to discover the unknowable and to reconstruct what might have been and never was, a jury properly constituted after running the gauntlet of challenge performed in accordance with the prescribed rule ...." *Kentucky Farm Bureau Mutual Insurance Co. v. Cook, supra.*

Finally, our Supreme Court has the power to prescribe rules of civil procedure. *See* Colo. Const. art. VI, § 21; § 13–2–108, C.R.S. (1984 Cum.Supp.). Under similar circumstances, the United States Supreme Court, pursuant to its statutory authority to prescribe civil rules of procedure, held that the rule, "if within the power of this court, has the force of a federal statute ...." *Sibbach v. Wilson & Co., Inc.,* 312 U.S. 1, 61 S.Ct. 422, 85 L.Ed. 479 (1941). We perceive no logical reason why the same interpretation should not be given to the rules enacted by our Supreme Court.

■ C.R.C.P. 47(h) does not give the trial court discretion to increase the number of peremptory challenges given to each side unless the parties in the action are appearing pursuant to C.R.C.P. 14 or C.R.C.P. 24. Otherwise, each side is entitled to four challenges, and multiple parties on one side "must" share their challenges. The word "must" generally connotes an imperative or mandatory requirement. *See Logan County Hospital v. Slocum,* 165 Colo. 232, 438 P.2d 240 (1968); *see also Black's Law Dictionary* at 919 (5th ed.).

Had the Supreme Court, in promulgating the Colorado Rules of Civil Procedure, intended to permit the trial court discretion to give one side additional peremptory challenges, the rule could have so provided as it does in Crim.P. 24(b), which authorizes additional challenges for every defendant after the first.

Accordingly, here, where the defendants were given twice as many peremptory challenges as was the plaintiff, the error of the trial court, by refusing to follow the rule as promulgated, is prejudicial as a matter of law.

## II.

Among plaintiff's claims of error which may arise on retrial, we agree with her contention that the interrogatory in the special verdict form submitted by the court to the jury contradicted the court's instruction on the definition of negligence.

■ The instruction set forth the "reasonable man" standard of care from which the jury was to determine if defendant's conduct was negligent. The interrogatory, however, asked if the jurors found that the bank breached its standard of care owed to the plaintiff "according to commercially reasonable and generally accepted banking practices." It is not couched in terms of an affirmative defense, and is inconsistent with the standard of care set forth in the instruction. *See Noel v. Jones,* 142 Colo. 318, 350 P.2d 815 (1960). Accordingly, on retrial this interrogatory should not be given.

We disagree, however, with plaintiff's remaining contention that the court erred in refusing to give plaintiff's tendered instruction on the effect of ratification and duress on her claim of breach of contract and negligence.

■ It is within the trial court's sound discretion to determine the form and style in which the instructions will be given. *Montgomery Ward & Co. v. Kerns,* 172 Colo. 59, 470 P.2d 34 (1970). Here, the instruction given by the court properly instructed the jury on the issue of duress as it related to ratification. Hence, the jury was sufficiently advised of the plaintiff's theory, and no error occurred. *See Atencio v. Torres,* 153 Colo. 507, 385 P.2d 659 (1963).

The judgment is reversed and the cause is remanded for a new trial.

BABCOCK and METZGER, JJ., concur.