# DUSING *v.* WILSON.

*(Supreme Court of Colorado, December Term, 1881. Appeal from the District Court of Jefferson County.)*

PRACTICE—APPEAL MUST BE PRAYED WITHIN THREE DAYS—INTERVENING MOTION FOR NEW TRIAL DOES NOT SUSPEND STATUTORY REQUIREMENT. The Statute (Section 332, page 127, King's Code,) that an appeal be prayed within three days after the time of rendering the judgment or decree. The pending of a motion to vacate the judgment and for a new trial does not relieve the party making it from the statutory requirement. An appeal prayed nine days after the rendition of the judgment, and immediately after the motion for new trial, made on the same day the judgment was rendered, is not in time, and, on motion, will be dismissed.

PER CURIAM. The judgment in this case was rendered and entered of record on the 19th of April, 1881; afterwards, and on the same day, the defendant filed his motion to vacate judgment and for a new trial. This motion was heard and overruled on the 27th of April, 1881, when the defendant prayed an appeal. The Statute requires that the appeal be prayed within three days after the time of rendering the judgment or decree. The appeal in this case was not prayed until nine days after the rendition of judgment, and was not in time. The pendency of the defendant's motion to vacate the judgment and for a new trial did not relieve him from the statutory requirement. *Freas* v. *Townsend*, 1 Colo., 87.

The motion to dismiss the appeal must be allowed.

*Dismissed.*

*Brown & Putnam*, for appellant.
*A. H. DeFrance*, for appellee.

---

# THORNE *v.* ORNAUR.

*(Supreme Court of Colorado, December Term, 1881. Appeal from the County Court of Lake County.)*

PRACTICE—APPEAL—JURISDICTION. No appeal lies from the judgment of a County Court dismissing an appeal from a Justice's Court, such judgment not affecting a franchise or freehold. Joinder in error does not remove the objection, as consent is insufficient to confer jurisdiction.

PER CURIAM. The County Court dismisses the appeal from the justice of the peace and gave judgment for costs.

No appeal lies.

28

The judgment does not amount, exclusive of costs, to twenty dollars, nor does it relate to a franchise or freehold. Joinder in error does not remove the objection, as consent is ineffectual to confer jurisdiction. *Peabody* v. *Thatcher*, 3 Col., 275.

*Appeal dismissed.*

*Haynes & Parks*, for appellant.
*H. C. Dillon*, for appellee.

## HUDSON *v.* KANSAS PACIFIC RAILWAY CO.

(*U. S. Circuit Court, Colorado District, January, 1882. On Motion for New Trial.*)

RAILWAY COMPANY—LIABILITY ON TICKETS SOLD BY AGENTS OVER OTHER LINES, WHETHER IN HANDS OF THE PURCHASER OR HIS ASSIGNEE. Certain passenger tickets were issued at St. Louis and other points east of Kansas City, by the agents of certain railway companies, providing for passage for the owner over the road issuing them to Kansas City, thence by the Kansas Pacific Railway to Denver, and thence over the Denver and Rio Grande Railway to Trinidad and other points—coupons being attached for the passage over the several roads. Certain of these tickets with the Denver and Rio Grande coupons attached, were purchased by the plaintiff from the holders. The Denver and Rio Grande Company declining to recognize them, plaintiff demanded of defendant the value thereof, which being refused, he brought suit. *Held:* That defendant, having, by taking up the coupons applying to the Rio Grande lines, and by other acts, recognized the authority of the seller of the ticket, is bound for the value of the Denver and Rio Grande coupons. And that the ticket being issued to the "holder," the plaintiff may maintain action therefor, though he purchased them from the person to whom originally sold.

2. SAME—ASSIGNMENT. A railroad company may contract to carry a passenger any distance, provided its own line be part of the journey. It is immaterial what part of the line is owned by the contracting company, the principle being, that, in promoting its own business, a railroad company may make any contract which it may have capacity to perform in part, and the company making such contract will be held liable thereon. Such contract is assignable under the statute, and delivery of ticket is evidence of assignment thereof.

HALLETT, J.

Plaintiff alleged that he purchased at St. Louis and at Kansas City, Missouri, in the year 1879, of defendant's agents, certain passenger tickets over the lines of the Denver and Rio Grande Railway, in this State, paying therefor the prices named in the