## Eckles v. Booco.

In an action of unlawful detainer, plaintiff having proved the execution of a lease and defendant's possession under it, defendant offered to show that his wife had erected buildings on the leased premises and claimed ownership. *Held* that, as lessee of plaintiff, defendant could not deny his title, nor set up an outstanding title in another, and the evidence was properly rejected.

### Appeal from Lake County Court.

This action was commenced by the appellee, Isaac S. Booco, against the appellant, R. A. Eckles, March 29, 1884, before a justice of the peace of Lake county, upon a complaint for the wrongful detention of certain real estate. Judgment was given for the appellee. Appeal was taken to the county court, and judgment for restitution of the premises was again given for the appellee, from which appeal was taken to this court. On the agreed statement of the evidence on the trial in the county court, which is embodied in the bill of exceptions, it appears that the United States marshal held a writ issued out of the United States circuit court for the district of Colorado, against the appellant, by which the marshal was directed to oust him from the premises and restore them to appellee; that on June 2, 1883, in the execution thereof, the appellee accompanied the marshal to the premises, whereupon the marshal declared, "I give you the possession of this property." Booco accepted the same as sufficient. There was household furniture in the house on the premises at the time, and the house had the appearance of being occupied. On leaving the premises they met the appellant, whereupon the marshal informed him that he had placed the appellee in possession of the premises; and from the testimony of the appellee it appears that he owned the property, and bought it from the St. Louis Smelting & Refining Company; that when he and the marshal met the appellant,

and the marshal told him he had put appellee in possession of the premises, appellant proposed to lease the same, and then and there the terms were agreed upon; and afterwards, on the same day, a lease was accordingly prepared and executed by them.  The terms thereof were that the premises were let by appellee to appellant for a term of three months, commencing June 3, 1883, for the sum of $35, one-third in advance, balance on July 3d, with privilege of nine months longer at specified terms. This lease was left with one Powell, the agent of appellee, and he collected the rental therein provided from appellant to a short time before the commencement of this action; when appellant refused to pay rent longer, and stated that his wife, Margaret Eckles, claimed to own the premises.  The agent went to the premises, saw Mrs. Eckles there, and she stated to him that she owned the premises, and that she had built the house thereon. Eckles in his testimony admitted the facts disclosed by the testimony of Booco, and stated that Margaret Eckles was his wife, and that they lived together as man and wife, except when she was away from home visiting; that at the time he made the lease contract his wife was visiting in Europe; when the wife returned, they lived together in the house, and she protested against the payment of rent.  Appellant offered to show by testimony that Mrs. Eckles had built the house on the premises during the summer of 1878, and afterwards built the stable thereon; but the same was rejected by the court. The court found that the appellant was wrongfully holding the premises, and accordingly gave judgment in favor of the appellee for restitution.  The appellant assigns for error that the court erred in not admitting the evidence offered to show that Margaret Eckles built the house and stable and claimed ownership of the premises, and in giving judgment for appellee.

Mr. A. J. STERLING, for appellant.

STALLCUP, C.   The evidence offered to show right in the premises in the wife, Margaret Eckles, was properly rejected.   The appellant, Eckles, being the lessee of Booco, the appellee, was not in a position to deny right and title in Booco, nor to set up an outstanding title in another.   Tayl. Landl. & Ten. (6th ed.) § 705.   There is no claim or pretense that the lessor obtained the lease contract from the lessee unfairly or fraudulently.   Non-payment of rent, demand therefor, and for possession, were conceded; so that under section 1491, General Statutes, the appellant was wrongfully holding the said premises.   The court was right in finding that the appellant was in possession of the premises under the lease, and wrongfully withholding the same.   The judgment should be affirmed.

DE FRANCE and RISING, CC., concur.

PER CURIAM.   For the reasons assigned in the foregoing opinion the judgment of the court below is affirmed.

*Affirmed.*