## CRANE v. FARMER.

1. APPEALS IN FORCIBLE ENTRY AND DETAINER CASES.— Appeals to the supreme court in forcible entry and detainer cases are allowable only where the judgment appealed from amounts, exclusive of costs, to $100, or relates to a franchise or freehold.
2. JOINING IN ERROR WILL NOT CONFER JURISDICTION.— Where the judgment sought to be appealed from is not appealable, consent by joining in error is ineffectual to save the appeal.

*Appeal from Arapahoe County Court.*

Messrs. ROSS & DEWEESE, for appellant.

Mr. F. A. WILLIAMS, for appellee.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

Appellee moves to dismiss the appeal on the ground that the judgment sought to be reviewed is not appealable. The action was one of forcible entry and unlawful detainer, and it is conceded that the judgment rendered does not "amount, exclusive of costs, to the sum of $100, or relate to a franchise or freehold."

It is clear that the judgment is not appealable, if the Code of Civil Procedure (section 388) is to control. But it is claimed that all actions of this kind are appealable under the act of 1885 relating to forcible entry and detainer. By section 22 of the latter act (p. 230, Sess. Laws 1885), it is provided:

" Appeals and writs of error to the supreme court from the judgment of the district, county or superior courts of this state, in proceedings under this act, shall be allowed as in other cases: provided, that in addition to the conditions now prescribed by law, the condition of the undertaking on appeal, and the time of filing the same, shall be required by this act [as] in cases of appeal from justices of the peace. And in cases of appeal from judgments founded upon causes of action, embraced in subdivision 4 of section 3 of this act, the deposit of rent money during pendency of appeal shall be made, or judgment of affirmance shall be entered, in the manner provided in section 18 of this act."

Upon careful consideration, we are of the opinion that it was not the intention of the general assembly to give greater opportunity for appeals to the supreme court in this class of cases than in other civil actions. We construe the act of 1885 as providing that appeals to the supreme court in forcible entry and detainer cases shall be allowed *as in other cases* only when the judgment appealed from amounts to $100, exclusive of costs, or relates to a franchise or freehold; thus making the right of appeal in such cases subject to the *conditions prescribed* by

the Code of Civil Procedure, or other general law regulating appeals to this court, and other *additional conditions*, as provided in section 22 of the act.

In the case of *Eckles v. Booco*, 11 Colo. 522, it appears that the suit was commenced as an action of unlawful detainer. The defendant, by his answer, sought to raise an issue of a freehold title in a third person, but was unsuccessful. Upon the county court giving judgment for the restitution of the premises, without any money judgment in favor of the plaintiff, an appeal was taken and entertained by this court. But the question of the validity of the appeal was not raised in this court, and the judgment of the lower court was affirmed. So the case cannot be considered in any sense as a precedent against the views expressed in this opinion.

It is urged by counsel for appellant that appellee, having joined in error in this ʼcase, should now be held to have consented to the appeal. If this were a new question, we might be inclined to give it serious consideration; for we are aware that it has been determined differently in different jurisdictions. In the preparation of their briefs on this motion, counsel have been very diligent in searching for the decisions of other states upon this question, while entirely overlooking our own. This is a common fault, especially among the older attorneys of this bar, whose habits were formed while our reported decisions were exceedingly limited. But it should be borne in mind that Colorado now has twelve volumes of published reports, covering a variety of subjects; and counsel may save time and aid us materially by citing them whenever they are pertinent. There are numerous decisions of this court expressly declaring that, where the judgment sought to be appealed from is not appealable, consent by joining in error is ineffectual to save the appeal; that the defect is a jurisdictional one, and may be taken advantage of after, as well as before, joinder in error. *Peabody v. Thatcher*, 3 Colo. 275; *Thorne v. Or-*

*nauer,* 6 Colo. 39; *Hall v. Mining Co.* id. 81; *Vallette v. Smelting Co.* 11 Colo. 204.

This disposes of the motion adversely to appellant. The motion of appellee will be sustained, and the appeal dismissed.

*Appeal dismissed.*