[No. 4615.]

THE BRENNAN MERCANTILE COMPANY ET AL. v. VICKERS ET AL.

31   323
31   325
31   323
f19a  292
f19a  340

**Appellate Practice—Jurisdiction—Forcible Entry and Detainer.**

The supreme court has no jurisdiction to review, on appeal, a judgment in an action of forcible entry and unlawful detainer where the judgment exclusive of costs is for less than $2,500. But where such appeal is from a judgment of the county court it will be dismissed and redocketed on error.

*Appeal from the County Court of Hinsdale County.*

Mr. G. D. BARDWELL, for appellants.

Mr. S. S. SHERMAN, for appellees.

*Per Curiam.*—Motion of appellees to dismiss appeal. The action is one of forcible entry and unlawful detainer. The judgment, exclusive of costs, is for less than $2,500. The matter in controversy does not relate to a freehold.—*Kelly v. Hallack L. & M. Co.*, 22 Colo. 221. Nor is there present any of the elements which the court of appeals act makes essential to the right, by the supreme court, to assume jurisdiction by appeal.—Session Laws 1891, 118. Section 22 of our forcible entry and detainer act, it is true, provides that appeals to, and writs of error from, the supreme court lie to review judgments in unlawful detainer *as in other cases.* Session Laws 1885, 224. In *Crane v. Farmer*, 14 Colo. 294, it was decided that the right of appeal under this act is, nevertheless, subject to the conditions prescribed by the code of civil pro-

cedure, or other general law regulating appeals to this court, and other additional conditions, as provided in section 22 of the unlawful detainer act.

The court of appeals act of 1891, except as to writs of error to county courts, now controls the jurisdiction of the supreme court to review final judgments of inferior tribunals; and as the present appeal does not lie thereunder, it is dismissed.

But as the judgment under consideration was given by the county court, the constitution confers jurisdiction upon this court to review it by writ of error. In such circumstances section 388a of Mills' Code directs that the action shall be redocketed on error, and it is so ordered.      *Appeal dismissed.*