## No. 22779.

LOGAN COUNTY HOSPITAL, LUTHERAN HOSPITAL AND HOMES SOCIETY, HARTFORD ACCIDENT & INDEMNITY COMPANY AND INDUSTRIAL COMMISSION OF COLORADO *v.* NETTIE SLOCUM.

(438 P.2d 240)

Decided March 11, 1968.

ZARLENGO, MOTT and CARLIN, for plaintiffs in error Logan County Hospital, Lutheran Hospital and Homes Society, and Hartford Accident & Indemnity Company.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, PETER L. DYE, Assistant, for plaintiff in error Industrial Commission of Colorado.

JOHN J. VANDEMOER, COSTELLO and KOFOED, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

NETTIE SLOCUM (hereinafter called claimant) brought an action in the District Court of the City and County of Denver to review an award of the Industrial Commission which affirmed a supplemental order for a rehearing entered by a referee. The court reversed the Commission and directed it to affirm the referee's previous order awarding plaintiff compensation for partial permanent disability.

Writ of error to review this judgment was thereupon brought by Logan County Hospital and Lutheran Hospital and Homes Society (hereinafter called employer), Hartford Accident & Indemnity Company (hereinafter called insurer) and the Industrial Commission (hereinafter called Commission).

Claimant fractured her right knee in a fall on the employer's premises November 29, 1962. A hearing was

held December 10, 1963, before Referee J. F. Brauer, on her claim of permanent partial disability. The referee's order, entered January 15, 1964, awarded her $3,970.42, based on a finding of ten percent permanent partial disability, "as a working unit."

The employer and the insurer filed a petition to review, asserting that the medical testimony was inadequate to sustain the award, and requesting that the referee either vacate the award or order an additional hearing to take further medical evidence. Although the letter of transmittal requested a reporter's transcript of the hearing, "in the event that it is necessary," no transcript was ever filed. The referee granted the rehearing. Claimant then filed a petition asking for dismissal of the petition for review and affirmance of the award of January 15, on the ground that petitioners had failed to file a transcript, as required by C.R.S. 1963, 81-14-6(3).

On the date set for the new hearing, claimant appeared to contest the jurisdiction of the referee to proceed. On June 8, 1964, the referee entered his "supplemental order" holding that a referee could "hold a further hearing and receive further evidence on a petition for review when the petitioning party has not provided a transcript of the prior hearing." He denied claimant's request for affirmance of the January 15 award and set a new hearing date for the purpose of taking further medical testimony.

Claimant filed a petition to review this supplemental order with the Commission, which affirmed the referee, in a "Findings of Fact and Award" issued July 9. Claimant petitioned the Commission to review its own order, and the Commission entered an order affirming the July 9 award "as the Final Award of this Commission." It was this "final award" which claimant attacked in her district court action.

The district court found that the filing of a transcript with a petition for review is mandatory under

C.R.S. 1963, 81-14-6(3), and that under this Court's decision in *Industrial Commission v. Plains Utility Co.,* 127 Colo. 506, 259 P.2d 282, failure to comply with the procedure specified in the statute deprived the Commission of jurisdiction. The court concluded that the supplemental order of June 8, 1964, was void, and ordered the Commission in effect to affirm the referee's original award of January 15, 1964, and dismiss the petition to review that order. We affirm.

 The supplemental order which the district court voided contained the following statutory interpretation by the referee, which was later approved and adopted by the Commission itself:

"The provisions of 81-14-6, sub-section 3 requiring the filing of a transcript is for the purpose of providing the reviewing authority with an exact record of prior proceedings, but does not require, as a condition precedent, that the Referee who initially heard the case, be provided with a transcript before he can reopen or hold further hearings without the benefit of the transcript." This interpretation is refuted by the language of the statute itself. C.R.S. 1963, 81-14-6(3) provides:

"* * * *Prior to any action being taken by the referee upon a petition to review his order,* or by the commission upon a petition to review its award, *a transcript of all hearings* which have been held theretofore in the case *shall be furnished by the party seeking such review . . . Such transcript must be filed within thirty days* after the filing of the petition for review, unless further time is granted by the referee or the commission within said thirty days, *and unless so filed, the petition for review shall be stricken and the order or award sought to be reviewed shall be final.*" (Emphasis added.) The words "must" and "shall" as used in this statute "are not susceptible of any construction except as mandatory." *Industrial Commission v. Plains Utility Co.,* 127 Colo. 506, 514, 259 P.2d 282, 287. Neither the referee nor the Commission had the power to disregard the

mandatory requirement of the statute, after the petitioning parties had failed to file the transcript within thirty days. Under the statute, the only power the referee had was to strike the petition for review and affirm his order of January 15.

The referee relied on the language of C.R.S. 1963, 81-14-6(1), as giving him power to order a rehearing in the instant case. That section provides:

"Any party in interest who is dissatisfied with the order entered by a referee may file a petition to review such order. Upon the filing of such a petition the referee may reopen the case, holding such further hearings and receiving such further evidence as he may deem necessary, following such further proceedings with a supplemental order; or amend or modify his prior order by a supplemental order; or refer the entire case to the commission. * * *"

The powers contained in this section, however, are expressly limited by the procedural requirement of C.R.S. 1963, 81-14-6(3) that before any of the actions enumerated above can be taken by the referee, a transcript *must be filed*. The Commission and the employer argue here that a different procedure should be followed when a rehearing is sought rather than an appeal to the Commission, contending that the only time a transcript is "necessary" is when a case is referred by the referee to the Commission. The statute recognizes no such application as a petition for rehearing. It provides only for a petition to review a referee's order and then prescribes the action which the referee may take upon such petition which includes, among other things, the "rehearing" which was sought by the employer and the insurer in this case. But before any action upon the petition to review can be taken at all, C.R.S. 1963, 81-14-6(3) clearly and unequivocally requires that a transcript be filed.

The Commission points out that under C.R.S. 1963, 81-14-19, it has the power to reopen a case and modify

orders on its own motion, without a transcript being filed. But that section gives no such power to a referee, and in any case, that is not the procedure that was followed here. *Cf. Tyler v. Hagerman,* 88 Colo. 60, 291 P. 1033. And the fact that a different procedure is outlined in C.R.S. 1963, 81-14-19 does not prove that C.R.S. 1963, 81-14-6(3) does not mean what it clearly says: that anyone filing a petition to review the order of the referee under 81-14-6(3) must file a transcript of the proceedings sought to be reviewed.

■ The Commission further argues that, if a transcript is mandatory, then claimant's petition to review the referee's supplemental order of June 8 was defective because she failed to file a transcript of the hearing of May 6, which resulted in the disputed order. The order itself clearly indicates, however, that no evidentiary hearing was held on May 6, because claimant objected to the proceedings on the ground that the referee was without jurisdiction to hold any further hearings. The order of June 8 contains nothing but the referee's ruling on the legal question of his own jurisdiction, and his order setting a hearing for the taking of medical testimony. Claimant's attack was not directed to any action taken by the referee as a result of any hearing. What she was attacking was his power under the statutes to take any further action at all with respect to granting the petition for review. Thus, there was no statutory "hearing" for which a transcript would be required.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE MCWILLIAMS and MR. JUSTICE KELLEY concur.