No. 23751.

LEROY A. VIEWEG *v.* THE B. F. GOODRICH COMPANY, A
CORPORATION, AMERICAN MOTORISTS INSURANCE COMPANY,
A CORPORATION, AND INDUSTRIAL COMMISSION OF COLORADO,
A BODY POLITIC ORGANIZED AND EXISTING UNDER THE LAWS
OF THE STATE OF COLORADO.

(459 P.2d 759)

Decided September 29, 1969.     Rehearing denied November 3, 1969.

L. F. BUTLER, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE,
Deputy, PETER L. DYE, Assistant, for defendant in error
Industrial Commission of Colorado.

WHITE and STEELE, LOWELL WHITE, for defendants in error The B. F. Goodrich Company and American Motorists Insurance Company.

*In Department.*

Opinion by MR. JUSTICE KELLEY.

ON April 29, 1963, Vieweg (claimant) allegedly sustained an accidental injury arising out of and in the course of his then employment with B. F. Goodrich Company (employer). Claimant instituted proceedings before the Industrial Commission of Colorado (the Commission) for relief under the Workmen's Compensation Act. The employer and its insurance carrier, American Motorists Insurance Company, denied liability and contested the claim. Thereafter, on September 6, 1963, and October 31, 1963, hearings were held before a referee of the Commission.

The referee, on December 4, 1963, made findings of fact and entered an order wherein he determined that Vieweg had sustained an accidental injury as alleged and ordered the employer to pay certain compensation benefits and medical expenses. Additionally, the referee ordered that "this matter remain open" to determine whether or not claimant sustained any permanent partial disability as the result of the accident.

The employer, on December 19, 1963, filed a petition for review. On January 10, 1964, the Commission entered its supplemental findings of fact and award, in which it adopted and approved the referee's order of December 4, 1963.

By letter to the Commission, dated January 17, 1964, and received January 20, 1964, the employer called to the attention of the Commission,

"* * * the fact that its Findings of Fact and Award dated January 10, 1964, was made without the benefit of a complete transcript of the evidence in this case. There

were two hearings. A transcript was made of the first hearing, but not of the second.

"By this letter, I am requesting that the evidence taken at the second hearing be transcribed."

The transcript of the October 31, 1963, hearing was not furnished the Commission until February 7, 1964.

Subsequently, predicated upon a second petition for review by the employer, the Commission, on April 10, 1964, entered a supplemental award vacating the Commission's findings and award of January 10,. 1964 (and consequently the referee's order of December 4, 1963), and dismissing Vieweg's claim. Vieweg's petition for review was denied. This was timely followed by his complaint to the district court in which he sought to vacate and set aside the Commission's order of April 10, 1964. Vieweg is here to test the correctness of the district court's decision which affirmed the supplemental award of the Commission.

██ The single issue for our determination is whether, under the requirements of C.R.S. 1963, 81-14-6(3), the failure upon the part of the employer to furnish a transcript of the hearing of October 31, 1963, caused the Commission to lose jurisdiction to review the referee's order of December 4, 1963. We answer this question in the affirmative.

Subsection (3) provides that:

"* * * Prior to any action being taken by the referee upon a petition to review his order, * * * a transcript of all hearings which have been held theretofore in the case shall be furnished by the party seeking such review * * *. *Such transcript must be filed within thirty days after the filing of the petition for review,* unless further time is granted by the referee or the commission within said thirty days, *and unless so filed, the petition for review shall be stricken and the order or award sought to be reviewed shall be final.*" (Emphasis added.)

The "petition for review" was filed on the fifteenth day following the referee's order. But, admittedly, the

transcript of the second hearing was not filed, nor leave for an extension obtained, within the statutory thirty-day period from the date on which the employer filed its petition for review, to wit: December 19, 1963. In short, the question for resolution is, under these facts, did the referee's order of December 4, 1963, become the final award of the Commission?

The employer argues that "the referee's order of December 4, 1963, could not become a final order because "(a) A timely petition for review was filed (Dec. 19, 1963).

"(b) The Referee took no action. It was referred to the Commission. Section 81-14-6(1) C.R.S. 1963.

"(c) There was no transcript of the second hearing. Time for further procedure could not run from that date. (Dec. 4, 1963)."

The employer's whole argument is based on the premise that what occurred subsequent to December 4, 1963, vitiated or nullified the referee's order of December 4. It points to no jurisdictional or procedural defect occurring prior to the order. Thus it would seem that unless the action or inaction of the referee subsequent to the order somehow invalidates it, the order of December 4 must stand.

As we view the proceedings, it is not the timely filing of the petition for review, but the tardy furnishing of the transcript of the October 31, 1963, hearing which is critical under the circumstances here.

The referee, contrary to the employer's contention, "took action" by referring the petition for review to the Commission pursuant to the authority conferred upon his office by C.R.S. 1963, 81-14-6(1). The exercise of the discretion given him by this statute constitutes whatever "action" may be required by law.

However, before the referee can act upon the petition for review of his order, "a transcript of all hearings which have been held theretofore in the case shall be furnished by the party seeking such review." This means

that he cannot act; that is, he cannot exercise any of the options authorized by C.R.S. 1963, 81-14-6(1) and (3) until the transcripts of *all* the hearings are filed. Consequently, his referral of the "petition for review" to the Commission, in the absence of the timely filing of the second transcript, was without effect. *Logan County Hospital v. Slocum,* 165 Colo. 232, 438 P.2d 240.

■ We hold that all actions by the referee *and by the Commission* after December 4, 1963, were invalid because of the failure by the employer to fully comply with the procedural requirements for review. Such compliance is essential to the jurisdiction of the Commission. As we held in *Industrial Commission v. Plains Utility Company,* 127 Colo. 506, 259 P.2d 282, the Commission's "powers, and any statutory limitations upon the exercise of the same cannot be waived, enlarged, diminished or destroyed by consent, and cannot be estopped. Beyond the power and authority expressly granted, the Industrial Commission has no jurisdiction."

The judgment is reversed and the cause remanded to the district court to in turn remand it to the Commission with directions to vacate or strike the petitions for review and its supplemental awards and reinstate the referee's order of December 4, 1963.

MR. CHIEF JUSTICE MCWILLIAMS, MR. JUSTICE GROVES and MR. JUSTICE LEE concur.