474 P.2d 177 (1970)
Gary I. MILLER, Petitioner,
v.
The INDUSTRIAL COMMISSION of Colorado, Anheuser-Busch, Inc., and Zurich Insurance Company, Respondents.
No. 70-137.
Colorado Court of Appeals, Div. II.
August 18, 1970.
Costello, Kofoed & O'Donnell, Denver, for petitioner.
Duke W. Dunbar, Atty. Gen., John F. Moore, Deputy Atty. Gen., Peter L. Dye, Asst. Atty. Gen., for respondent The Industrial Commission of Colorado.
Yegge, Hall & Evans, James C. Perrill, Denver, for respondents Anheuser-Busch, Inc. and Zurich Insurance Co.
Selected for Official Publication.
COYTE, Judge.
This case involves an appeal from an order of The Industrial Commission of Colorado. In order to fully understand the case, a chronological review of the facts is necessary.
On October 23, 1967, petitioner, Gary I. Miller, sustained injury to his back while employed by respondent Anheuser-Busch, Inc. On February 4, 1969, petitioner filed a claim for compensation with the Industrial Commission of Colorado. Respondents, Anheuser-Busch, Inc., and its insurer, Zurich Insurance Company, denied liability on the claim. Thereafter a hearing was *178 held before the Referee on March 15, 1969, at which hearing claimant appeared in person without an attorney. The Referee issued an order on March 28, 1969, finding that the claimant was injured while employed by the respondent and that he had sustained no permanent disability on account of the accident, and ordering respondent to pay the necessary medical expenses which resulted within six months from the date of the accident.
In a letter sent to the Referee on April 8, 1969, appellant's attorney stated that he was representing claimant in all matters pertaining to appellant's claim and requested the Referee to amend his March 28 order so as to permit the presentation of medical testimony. This letter was received by the Referee on April 9, 1969, and entered as part of the record on that date. Thereafter a supplemental order was issued by the Referee on April 10, 1969, ordering that petitioner's claim be reset for further lay testimony.
A subsequent hearing was then held on May 15, 1969. At the conclusion of this hearing an order was issued declaring the claim barred by the statute of limitations.
Appeal from this order was then made to the Industrial Commission. The Commission held that the Referee had lacked jurisdiction to hold the second hearing. It based this holding on the grounds that no petition for review was filed within the 15-day limit and no transcript of the first proceedings was filed within the 30-day limit established by C.R.S. 1963, 81-14-6(3).
Although we concur with the Commission's holding as it pertains to the transcript of the proceedings, we disagree with its holding that no petition for review was filed.
In view of the applicable statute, it is clear that once a Referee has entered an order, either allowing or denying the claim, this order becomes final "* * * unless a petition for review is filed as provided in this chapter." C.R.S. 1963, 81-14-4.
The requirements for a valid petition for review are set forth in C.R.S. 1963, 81-14-6(3):
"Every petition for review shall be in writing and shall specify in detail the particular errors and objections. Such petition must be filed within fifteen days of any referee's order * * *."
In the instant case it is apparent that the requirements set forth in the statute were fulfilled by the letter sent April 8, 1969, by counsel for petitioner. The letter stated specific reasons why the petitioner felt an amendment to the March 28th order was necessary. The letter was officially marked as being received and was entered as part of the record. In obvious response to this letter, the Referee, on the day after the letter was received, ordered a supplemental hearing to be held. We find, therefore, that, as this letter was in sufficient compliance with the requirements set forth by the statute, it acted as a valid petition for review.
The second point raised by the Commission in its order of February 4, 1970, is correct. C.R.S. 1963, 81-14-6(3) is two-fold in its requirements. Not only must a petition for review be submitted within fifteen days after the referee's order, but furthermore a transcript of the proceedings must be filed within thirty days after submission of the petition for review. Unless filed within this allotted period the petition for review must be stricken and the order declared final. This provision of the statute is jurisdictional in nature and may neither be waived nor consented to by the parties. As pointed out in Logan County Hospital v. Slocum, 165 Colo. 232, 438 P.2d 240, the statute is mandatory in nature and, without strict compliance with its provisions, the referee must strike the petition for review.
Without submission of the transcript of the first proceedings, the Referee was without jurisdiction to hold a second hearing on this matter. Therefore the Commission was correct in declaring the *179 order of the second hearing a nullity, and in reinstating the order made after the first hearing.
Order affirmed.
ENOCH and PIERCE, JJ., concur.