558 P.2d 1007 (1976)
Gerald S. YANISH, Petitioner,
v.
INDUSTRIAL COMMISSION of Colorado (Ex-officio Unemployment Compensation Commission of Colorado), and PCA Corporation of Kansas, Photo Corp. of America, Respondents.
No. 76-509.
Colorado Court of Appeals, Div. I.
December 30, 1976.
*1008 Robert L. Harris, Denver, for petitioner.
J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, John Kezer, Asst. Attys. Gen., Denver, for respondent Industrial Commission of Colo.
COYTE, Judge.
Claimant seeks review of an order of the Industrial Commission denying unemployment compensation benefits. We set aside the order.
Claimant was twice separated from his employment, first in February 1975, and, after rehiring by the same employer, a second time in August 1975. The referee found that claimant was terminated initially due to his incompatibility with supervisors and fellow employees, and consequently, as to that termination, was entitled to fifty percent of a full award of benefits under § 8-73-108(5)(b), C.R.S.1973.
With respect to the second period of employment, the referee, after a hearing, concluded claimant was responsible for the later termination. Claimant was therefore disqualified from the receipt of benefits for a period of thirteen weeks in accordance with the provisions of § 8-73-108(7), C.R.S. 1973.
The Commission adopted the findings of fact and the decision of the referee. Claimant filed a timely petition for review, and, after review, the Commission affirmed its previous decision.

I.
Claimant raises various assignments of error relative to alleged procedural defects in the Commission's proceeding, to the evidentiary value of testimony by the employer, and to the effect of the rehiring. The procedural error is dispositive.
Section 8-74-106(1), C.R.S.1973, authorizes the Commission to prescribe regulations for the conduct of hearings and appeals in unemployment compensation cases. The statute further provides that the presentation of claims and necessary documentation, including reports required from the employer "shall be in accordance with [said] regulations . . ."
Pursuant to its statutory authority, the Commission promulgated rules, in effect at the time of the claim here, governing the submission of specified documents. Under those regulations a protest by the employer of benefit payments was required to be made within seven days of the date upon which the Division of Employment mailed its notification form to the employer, and the protest form bore a printed statement to this effect. If an employer failed to comply with the prescribed time limitations, the employer would "be deemed not to be an interested party" as defined in § 8-70-103(17), C.R.S.1973, and barred from protesting payment of benefits in the particular instance. Division of Employment Regulation No. 4 (Nov.1974).
It is undisputed that claimant's employer, although it received the appropriate notification, did not protest the claim within the pertinent time limitations. The employer's report contained in the record is dated some eight days later than the time stipulated for its return on the face of the form.
The Commission concedes that the employer's protest was not submitted in timely fashion. However, it maintains that inasmuch as the issue was not raised in the proceedings until claimant filed a petition for review before the Commission, claimant has waived the opportunity to object in this review to the procedures followed. The argument is unconvincing.
*1009 Powers entrusted to the Commission are specifically delineated in the statute. The Commission has broad authority to affirm, modify, or set aside the decision of a referee on its own motion. It may also direct the taking of additional evidence if necessary. See § 8-74-105, C.R.S.1973. Accordingly, the Commission has ultimate responsibility with respect to matters of fact and law supporting its decision. McGinn v. Industrial Commission, 31 Colo. App. 6, 496 P.2d 1080 (1972).
On this basis, the judicial authority cited by the Commission in support of its waiver argument is distinguishable. This is not a situation where the matter is raised for the first time before a body constituted exclusively for purposes of review. See, e. g., Robert S. Abbott Publishing Co. v. Annunzio, 414 Ill. 559, 112 N.E.2d 101 (1953); cf. Jacobs v. Office of Unemployment Compensation & Placement, 27 Wash.2d 641, 179 P.2d 707 (1947). Nor is it a case in which an employer is improperly deprived of his opportunity to protest by the Division's failure to notify him of the claim. Allred v. Squirrell, Colo.App., 543 P.2d 110 (1975). Here the Commission was not only sufficiently appraised of claimant's objection to the employer's protest but was required to correct the alleged defect despite the fact that it was not raised before the referee. Section 8-74-105, C.R.S.1973; McGinn v. Industrial Commission, supra. Thus, claimant did not waive his right to object to the procedural defect.
As the employer's protest did not conform to the procedural requirements established by the Commission pursuant to § 8-74-106(1), C.R.S.1973, the employer was precluded from contesting the payment of benefits. Vieweg v. B. F. Goodrich Co., 170 Colo. 71, 459 P.2d 759 (1969); Miller v. Industrial Commission, 28 Colo.App. 462, 474 P.2d 177 (1970). The evidence presented by the employer must be disregarded, and therefore no evidence exists to support a denial of benefits. Accordingly, the Commission's decision cannot be upheld on review. Beatty v. Automatic Catering, Inc., 165 Colo. 219, 438 P.2d 234 (1968). No disputed factual issue arose here subsequent to expiration of the time for the filing of a protest by the employer, and thus further proceedings on the part of the Commission are unnecessary. Industrial Commission v. Emerson Western Co., 149 Colo. 529, 369 P.2d 791 (1962).
The order is set aside and the cause is remanded with directions to award claimant unemployment benefits determined by his initial claim.
ENOCH and STERNBERG, JJ., concur.