580 P.2d 827 (1978)
Thomas B. SANCHEZ, Petitioner,
v.
STRAIGHT CREEK CONSTRUCTORS, State Compensation Insurance Fund, the Industrial Commission of the State of Colorado, and Juereta P. Smith, Director of the Division of Labor, Respondents.
No. 77-494.
Colorado Court of Appeals, Div. 2.
April 27, 1978.
As Modified on Denial of Rehearing May 25, 1978.
Certiorari Denied July 3, 1978.
*828 Sterling, Simon & Rubner, Paul D. Rubner, Steven M. Furman, Denver, for petitioner.
Fred B. Dudley, Richard G. Fisher, Jr., Denver, for respondents State Compensation Ins. Fund and Straight Creek Constructors.
J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., John Kezer, Asst. Atty. Gen., Denver, for respondents Industrial Commission of the State of Colorado and Juereta P. Smith.
SMITH, Judge.
Petitioner, Thomas Sanchez, seeks review of that portion of an order of the Industrial Commission which terminated his temporary disability benefits. We conclude that we have no jurisdiction to review the order, and we therefore dismiss the petition.
On November 17, 1976, the Industrial Commission entered an "award" which approved an earlier referee's supplemental order awarding petitioner permanent partial disability and terminating his temporary disability entitlement. On the fifteenth day thereafter, December 2, 1970, Sanchez filed a petition to review that award in this court. He simultaneously filed a notification copy with the Commission. Sometime later, Sanchez became aware that 8-53-106, C.R.S.1973, required that the initial review of any award of the Commission must be made by the Commission itself. He thereupon sought permission from this court in late January, 1977, to withdraw his petition, which prompted respondent to file a motion to dismiss the petition for lack of jurisdiction. The respondent's motion was denied by this court.
On February 28, 1977, the petitioner moved the Industrial Commission to permit him to amend the caption of his December 2, 1976 petition to designate it as a petition for reconsideration of the award by the Industrial Commission. The Industrial Commission granted this motion, and on May 16, 1977, the Commission purported to enter a final order, approving its November 17, 1976 determination. Petitioner then filed with this court a second petition directed to the May 16 order. Again, the respondent moved this court to dismiss petitioner's appeal for lack of jurisdiction, and again, such motion was denied.
Now, in its appellate brief, the respondent argues for the third time that when fifteen days passed without a petition for reconsideration of the November 17, 1976 order, both the Industrial Commission and this court were without jurisdiction to conduct a review. Respondent asserts that *829 jurisdictional challenges may be neither waived nor lost, and that our earlier summary dismissals of these challenges do not preclude us from, at this time, scrutinizing our jurisdiction to determine this appeal.
Sanchez asserts, without supporting citation, that our earlier dealings relative to this issue are "res judicata." He alternatively argues that even if we again consider the jurisdictional issues, the proceedings for review must be allowed to proceed because he has "substantially" complied with the fifteen day requirement of 8-53-106, C.R.S.1973.

Subject Matter Jurisdiction"Res Judicata?"
Although we have previously denied motions by the respondent to dismiss this petition for lack of jurisdiction, we hold that we may again determine whether jurisdiction of the subject matter lies in this court. Subject matter jurisdiction relates to the power or authority of the court to deal with a particular caseit either exists or it does not. The parties cannot confer subject matter jurisdiction upon the court, nor may the court confer it upon itself. See Thorne v. Ornauer, 6 Colo. 39 (1881). Thus, the plaintiff's notion that a "law of the case" principle binds us, because of our earlier rulings on the jurisdictional aspects of this case, is erroneous.

Substantial Compliance
As to the petitioner's assertion that he substantially complied with the statutory review procedures, we disagree.
Section 8-53-106, C.R.S.1973, provides that any party dissatisfied with an order of the Commission may seek review by the Commission by filing a petition so requesting within fifteen days of the order. These requirements are unmistakably jurisdictional in nature. See Logan County Hospital v. Slocum, 165 Colo. 232, 438 P.2d 240 (1968). Furthermore, §§ 8-53-107 and 108, C.R.S.1973, make it clear that if there is a failure to comply with § 8-53-106, C.R.S.1973, there can be no subsequent review or appeal. [1]
The petitioner cites Miller v. Industrial Commission, 28 Colo.App. 462, 474 P.2d 177 (1970), as authority for his "substantial compliance" theory. In Miller, the petitioner served a letter upon the Commission which, while it was not entitled "petition for reconsideration," contained all the elements of such a petition. This is not the case before us. The Industrial Commission, in the instant case, was not asked to review its earlier decision. Rather, as required by § 8-53-110, C.R.S.1973, it was merely notified of the petitioner's appeal to this court. If we were to permit the respondent to change his mind after the lapse of two months, and to erase all problems by retroactively relabeling his original notice of appeal, we would be robbing § 8-53-106, C.R.S.1973, of that finality which it presently insures to all parties at the end of fifteen days.
We therefore conclude that the November 17, 1976 order of the Industrial Commission became final, and not subject to review, when no petition for review was filed seeking review by the Commission within fifteen days. The Commission's order of May 16, 1977, therefore, is void. The Industrial Commission was without jurisdiction to review this matter, as are we.
Petition dismissed.
RULAND and BERMAN, JJ., concur.
NOTES
[1] It is interesting to note that the corresponding section of the Colorado Employment Security Act was amended in 1976 to provide that "Petitions for review may be accepted out of time . . . for good cause shown and in accordance with regulations adopted by the commission." See § 8-74-106(1)(b), C.R.S.1973 (1976 Supp.). The Workmen's Compensation Act, with which we deal today, contains no comparable provision.