**Lauri RILEY, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF the STATE OF COLORADO, Robert J. Ore, Executive Director, Department of Labor and Employment, and Turley Restaurant Enterprises, Inc., d/b/a The Good Earth Restaurant, Employer, Respondents.**

No. 79CA1170.

Colorado Court of Appeals, Div. III.

Jan. 15, 1981.

Rehearing Denied Feb. 26, 1981.

Certiorari Granted April 27, 1981.

Redak & Brantz, William Redak, Jr., Longmont, for petitioner.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J.

Mullarkey, Sol. Gen., William Levis, Asst. Atty. Gen., Denver, for respondents.

ENOCH, Chief Judge.

Claimant, Lauri Riley, seeks review of a final order of the Industrial Commission dismissing her petition for review of a hearing officer's order for failure to file a transcript pursuant to the jurisdictional requirement of § 8–53–106(3), C.R.S.1973. We set aside the order.

Claimant's petition for review challenged the hearing officer's interpretation of § 8–53–102(2), C.R.S.1973 (1979 Cum.Supp.), the statutory provision that imposes a penalty on the employer or insurance carrier for failure to admit or deny liability within a prescribed time. Because her petition for review and brief in this court raised a constitutional challenge to the statute, and it therefore appeared that this court lacked jurisdiction. see § 13–4–102(1)(b), C.R.S. 1973, the Colorado Supreme Court accepted jurisdiction when the case came at issue. That Court, by order entered in Case No. 80SC85, dated August 5, 1980, transferred the case back to this court. *See Matthews v. Industrial Commission,* —— Colo.App. ——, 609 P.2d 1127 (1980).

The facts pertinent to the issues considered here are not disputed. Claimant sustained an injury for which liability was admitted, and received temporary disability benefits. After a hearing on August 2, 1978, the hearing officer entered an order awarding her benefits for bodily disfigurement based on his "review of the file and personal observation of the site of the injury." The order stated that all other issues were "reserved for further proceedings." No appeal was taken from this order.

Subsequent to the hearing, the parties submitted a statement of stipulated facts relating to claimant's claim for a penalty. They stipulated that the employer had notice of claimant's injury on the date of its occurrence but that its accident report was not received by the Division of Labor for almost five months. The insurance carrier received this report two weeks after the Division of Labor and had no prior notice of the accident from the employer.

Based on this stipulation and without a further hearing, the hearing officer assessed a three-day penalty against the carrier for its untimely failure to admit or deny liability after it had notice of claimant's injury but denied claimant any further penalty on grounds that the employer, although it had notice of the injury, was not liable under the statute because it was insured and the carrier was not liable because it did not have notice of the injury.

Claimant filed a timely petition for review of this order in which she argued for a statutory interpretation which, under the stipulated facts, would make the employer liable for the penalty. Alternatively, claimant argued for a determination that the statute, as interpreted, is unconstitutional. The Commission dismissed her petition for lack of jurisdiction on the ground that the hearing officer's order had become final when claimant did not comply with the requirement for a transcript.

■ We must address initially respondents' motion to dismiss filed with the Supreme Court and denied by that Court without prejudice to renew. Respondents' motion is premised on the contention that claimant failed to name the insurance carrier as a party to this action as mandated in § 8–53–108, C.R.S.1973. That section provides that, in any action commenced in the Court of Appeals to modify or vacate any finding, order, or award of the Commission, "an adverse party shall . . . be made a defendant." Adverse has been defined to mean "one who is against, is opposing, antagonistic; 'having opposing interests; having interests for the preservation of which opposition is essential' (*Webster's International Dictionary*)." *Risbry v. Swan,* 124 Colo. 567, 575, 239 P.2d 600, 604 (1951). Applying that definition here, we conclude that since the penalty assessed against the carrier was not disputed, and it failed in any way to oppose claimant's petition for review before the Commission, it was, for purposes of prosecuting this action, not an adverse party under § 8–53–108. Hence, claimant's petition is properly before us.

■ As to the issue concerning a transcript, § 8–53–106(3), C.R.S.1973, provides that a transcript "must be filed" within 30 days after a petition for review is filed or within such further periods for which timely extensions are granted. Claimant recognizes the mandatory, jurisdictional nature of this requirement and concedes that an evidentiary hearing within the meaning of the statute was held on bodily disfigurement on August 2. *See Logan County Hospital v. Slocum,* 165 Colo. 232, 438 P.2d 240 (1968). Citing *Almarez v. Carpenter,* 173 Colo. 284, 477 P.2d 792 (1970), claimant contends, however, that where, as here, the record necessary for judicial review consists of a statement of stipulated facts, that statement should be considered the equivalent of a transcript. We agree.

To require claimant to furnish a transcript under the circumstances of this case, where claimant's challenge to the hearing officer's order is not based on any action taken by the hearing officer as a result of any hearing, would be to place form over substance and would contravene the legislative and judicial mandates for liberal construction of the workmen's compensation laws. Section 8–40–101, C.R.S.1973. *See City of Boulder v. Payne,* 162 Colo. 345, 426 P.2d 194 (1967). *See also Logan County Hospital v. Slocum, supra.* Contrary to the Commission's contention, it is evident from the record and, therefore, verifiable by a reviewing body, that the basis for the hearing officer's order was the stipulation submitted by the parties coupled with the admission of liability and that no reliance was placed upon the hearing of August 2.

The substantive issues remaining to be determined in this case are the application of § 8–53–102, C.R.S.1973 (1979 Cum.Supp.) to the facts of this case and the claimant's challenge to the constitutionality of the statute as it has been interpreted by the hearing officer. We agree with the parties that, since the merits of claimant's petition for review have not been considered by the Commission, the case should be remanded to allow it to address the merits of claimant's petition.

The order of the Commission dismissing claimant's petition for review is set aside and the cause is remanded for further proceedings consistent with the views expressed herein, all without prejudice to the rights of the parties to petition for review of any issue properly presented after a final award of the Commission.

SMITH and KIRSHBAUM, JJ., concur.