The **INDUSTRIAL COMMISSION OF the STATE OF COLORADO, Robert J. Ore, Executive Director, Department of Labor and Employment, and Turley Restaurant Enterprises, Inc. d/b/a The Good Earth Restaurant, employer, Petitioners,**

v.

**Lauri RILEY, Respondent.**

**No. 81SC80.**

Supreme Court of Colorado, En Banc.

Nov. 1, 1982.

██

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., William Levis, Asst. Atty. Gen., Denver, for petitioners.

Redak & Brantz, William Redak, Jr., Longmont, for respondent.

HODGES, Chief Justice.

We granted certiorari to review the court of appeals' decision reversing the Industrial Commission's dismissal of claimant Lauri Riley's petition for review of a hearing officer's order. *Riley v. Industrial Commission of State of Colorado,* 628 P.2d 147 (Colo. App.1981). We affirm.

The claimant was injured on her job and she notified her employer immediately. However, the employer did not report the accident to the Division of Labor for ap-proximately five months. The employer's insurance carrier, the State Compensation Insurance Fund, was not advised for several weeks thereafter, and did not admit liability for a period of twenty-nine days.

The matter came on for hearing before a Division of Labor referee. Two claims for relief were presented: (1) a claim for benefits for bodily disfigurement; and (2) a late filing penalty claim under section 8–53–102(2), C.R.S.1973 (1979 Supp.), the statutory provision that imposes a penalty on the employer or insurance carrier for failure to admit or deny liability within a prescribed time. After the hearing, the referee awarded the claimant $250 for bodily disfigurement. This award was not appealed by claimant.

The referee's order did not, however, address the claim for a late filing penalty. Consequently, the parties submitted a statement of stipulated facts regarding the delays involved. Based solely on this stipulation and without a further hearing, the referee assessed a three-day penalty against the carrier for its failure to timely admit or deny liability pursuant to section 8–53–103(2), C.R.S.1973. However, the referee refused to assess a further penalty against the employer. Claimant petitioned for review of this final order to the Industrial Commission and argued for a statutory interpretation which, under the stipulated facts, would make the employer also liable for a penalty. The Industrial Commission dismissed claimant's petition stating that it lacked jurisdiction to review the case because claimant had failed to file a transcript of the hearing as provided in section 8–53–106(3), C.R.S.1973.

Claimant appealed the Industrial Commission's order of dismissal to the court of appeals. While on appeal, the Industrial Commission alleged another procedural defect for the first time, *i.e.,* that an adverse party, the State Compensation Insurance Fund, which was the employer's insurance carrier, had not been named as a respondent in claimant's appeal and on this basis the appeal should be dismissed.

■ The court of appeals correctly concluded that a transcript was not a prerequisite for review by the Industrial Commission of the issue raised by claimant. Whether or not the employer should be subjected to a late filing penalty can be determined completely by reference to the parties' statement of stipulated facts and to require the claimant to furnish a transcript of an unrelated hearing would be a slavish adherence to form over substance.

■ Failure to join the State Compensation Insurance Fund as an adverse party is not, under the facts here, a justification for dismissal of the claimant's appeal. The court of appeals properly concluded that:

"Since the penalty assessed against the carrier was not disputed, and it failed in any way to oppose claimant's petition for review before the Commission, it was, for purposes of prosecuting this action, not an adverse party under § 8–53–108."

The judgment of the court of appeals is affirmed.