**COUNTRY VIEW CARE CENTER, INC., Plaintiff-Appellant,**

v.

**COLORADO DEPARTMENT OF SOCIAL SERVICES, Defendant-Appellee.**

**No. 84CA0453.**

Colorado Court of Appeals, Div. I.

June 13, 1985.

Hyatt Legal Services, Catharine Cott, Northglenn, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H.

Forman, Sol. Gen., Wade Livingston, Asst. Atty. Gen., Denver, for defendant-appellee.

STERNBERG, Judge.

Country View Care Center appeals the district court's affirmance of the Department of Social Services' refusal to review its medicaid reimbursement rate, because Country View failed to request a review within 15 days of notification of a change in the rate. We affirm.

Country View is a nursing home which participates in the Colorado Medical Assistance Program, see § 26–4–102, et seq., C.R.S. (1982 Repl.Vol. 11), and is reimbursed by the Department according to a price schedule or rate set for each nursing home pursuant to § 26–4–110(5)(a), C.R.S. (1982 Repl.Vol. 11). To determine the proper payment due a nursing home vendor, the Department has adopted regulations requiring auditing procedures which allow the Department to review the nursing home's cost report, and then to determine the final rate at which the nursing home vendor will be reimbursed. See § 26–4–110(5)(a), C.R.S.

If the final rate is determined to be different from the interim rate received by the nursing home for the appropriate period, the Department makes a "retroactive rate adjustment." This rate adjustment can occur even though the Department has already paid the nursing home at an interim rate. If such a change is necessary, the Department sends a notice announcing the retroactive rate adjustments, and pursuant to Department regulations, the nursing home can challenge the rate by appealing within 15 days from the mailing date of the letter.

The Department sent Country View a series of letters announcing retroactive rate adjustments, the last of which was sent in March of 1980. Country View did not seek administrative appeal of these rate adjustments. In November and December of 1980, the Department further notified Country View that it would collect the overpayments which had resulted from the retroactive rate adjustments. The Department calculated the amount of the overpayment as approximately $25,000. Country View then not only appealed the Department's decision to collect the overpayment, but also sought to challenge the correctness of the underlying retroactive rate adjustments.

The hearing officer assigned to the appeal ruled that Country View could challenge the calculation of the overpayment amount, but that it could not raise the issue whether the underlying retroactive rate adjustments were correct, because objection to the rate adjustments had not been timely filed. The hearing officer proceeded to review the Department's calculation of the overpayment amount and ordered that the Department could collect the corrected amount from Country View. The hearing officer's decision was affirmed by the Department and the district court.

On appeal to this court, Country View raises numerous contentions of error; however, the dispositive issue is whether the Department of Social Services properly refused to review Country View's challenges to the retroactive rate adjustments. We hold that because Country View did not request such review within the 15 days required by the Departments regulations it is precluded from appealing the rates.

■■■ Mandatory time limits for commencing administrative appeals are generally treated as jurisdictional. See *Vieweg v. B.F. Goodrich Co.*, 170 Colo. 71, 459 P.2d 759 (1969); *Yanish v. Industrial Commission*, 38 Colo.App. 492, 558 P.2d 1007 (1976). When Country View did not appeal within the 15 days after the retroactive rate adjustments were announced, those adjustments became final and were no longer subject to appeal. See *State Personnel Board v. Gigax*, 659 P.2d 693 (Colo.1983). Therefore, the hearing officer, the Department, and the district court, correctly determined that Country View could not challenge the rate adjustments in its appeal of the collection of the overpayment.

In reaching this conclusion, it is not necessary to address the question whether the

issuance of a rate adjustment letter triggers the jurisdictional 15-day requirement in all cases. For, as the hearing officer noted:

"Petitioner did not simply miss the 15 day deadline; it let the rate determination stand for a period of years. No appeal from, or challenge to, the rate letter was made within any reasonable time. Even if failure to meet a short deadline could be excused for unusual or extenuating circumstances, the issue must still be raised within a reasonable time.

Here, the adjustment of positions and rights stemming from the rate letter has occurred. The situation here presented may be analogized to an attempt to challenge, on the original merits, a default judgment untainted by fraud and entered with jurisdiction when collection is commenced two years after its entry. Such a challenge is clearly not permitted. See [C.R.C.P. 60(b) ]"

The judgment is affirmed.

BERMAN and METZGER, JJ., concur.