Barbara J. PITTSINGER, Petitioner,

v.

INDUSTRIAL COMMISSION of the State of Colorado, Robert J. Husson, Director of the Division of Labor, and State Compensation Insurance Fund, Respondents.

No. 85CA0445.

Colorado Court of Appeals, Div. I.

Nov. 7, 1985.

George T. Ashen, James E. Freemyer, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Timothy R. Arnold, Asst. Atty. Gen., Denver, for respondents Indus. Com'n and Robert J. Husson.

Kathleen W. Robinson, Denver, for respondent State Compensation Ins. Fund.

KELLY, Judge.

On September 23, 1985, after all the briefs were filed, we issued an order to show cause why this proceeding for review of an Industrial Commission order should not be dismissed with prejudice for petitioner's failure to name her employer as a party in her petition to review and her failure to serve her employer with a copy of the petition to review. Upon consideration of petitioner's response to to the order to show cause, we now discharge that order.

Throughout the administrative proceedings, employer and its insurer were designated as respondents. On March 29, 1985, petitioner timely filed a petition to review in this court naming, as respondents, the Industrial Commission, Charles McGrath as director of the Division of Labor (Robert J. Husson has since been substituted for McGrath), and the State Compensation Insurance Fund. Copies of the petition to review were served on the Commission, the Department of Labor and Employment, attorney Kathleen W. Robinson at SCIF, and Timothy R. Arnold, Assistant Attorney General.

Prior to the 1983 amendments to the Workmen's Compensation Act, § 8–53–108, C.R.S., provided that a party dissatisfied with an order of the Commission could commence an action in this court against the director and the Commission as defendants (respondents). That statute further provided that "[i]n any such action an ad-

verse party shall also be made a defendant." The requirement that adverse parties should be made respondents served the purpose of ensuring that parties "having interests for the preservation of which opposition is essential" are parties before this court. *See Riley v. Industrial Commission,* 628 P.2d 147 (Colo.App.1981), *aff'd,* 653 P.2d 723 (Colo.1982).

Section 8–53–119(1), C.R.S. (1984 Cum. Supp.), which now governs appeals to this court, provides that any person in interest dissatisfied with an order of the Commission may commence an action in this court "against the commission as defendants." Section 8–53–119(3), C.R.S. (1984 Cum. Supp.) provides that such actions shall be commenced by filing a petition to review in this court and serving a copy of the petition on the Commission. In addition, the petition is required to be served upon all other parties.

■ Inasmuch as the language of § 8–53–119(1), C.R.S. (1984 Cum.Supp.) is plain and its meaning is clear, we are not free to ascribe a different interpretation to that statute. *Harding v. Industrial Commission,* 183 Colo. 52, 515 P.2d 95 (1973). Accordingly, petitioner's failure to name her employer in her petition for review does not constitute a jurisdictional defect under § 8–53–119(1), C.R.S. (1984 Cum.Supp.).

■ With regard to that portion of our show cause order concerning service of a copy of the petition to review on employer, we note, upon a review of the record below, that Kathleen W. Robinson entered her appearance as attorney for both SCIF and employer. Petitioner's service of a copy of the petition to review on Robinson was thus sufficient to constitute service on employer. *See* C.A.R. 25(b).

The order to show cause is discharged, and the cause shall proceed to resolution on its merits.

PIERCE and BABCOCK, JJ., concur.