Clifford Hall Deputy State Controller 1525 Sherman Street, 7th Flr. Denver, Colorado 80203
Dear Mr. Hall:
I write in response to your request for an Attorney General's opinion regarding the payment of expenses of an incumbent who successfully challenges a petition to recall him.
QUESTIONS PRESENTED AND CONCLUSIONS
a. Is an incumbent who successfully challenges a recall petition entitled to payment of the expenses which he incurred even though an election is not held?
No.
b. Are the time frames which are set forth section 31-4-504.5(3), C.R.S. (1986) jurisdictional?
 Yes, with respect to the time frame within which the incumbent must submit his expenses, no, with respect to the time frame within which the municipality must forward the request to the state controller.
ANALYSIS
c. Pursuant to Colo. Const. art. XXI, § 4, elective officers of subordinate units of state government may be recalled.Groditsky v. Pinckney, 661 P.2d 279 (Colo. 1983). An incumbent who successfully withstands a recall election is entitled to reimbursement for expenses incurred in beating the challenge. Article XXI, section 4 and section 31-4-504.5(1), C.R.S. (1986) both provide:
 If at any recall election the incumbent whose recall is sought is not recalled, he shall be repaid from the state treasury. . . .
Both article XXI and section 31-4-504.5(1), C.R.S. (1986) provide that the incumbent may seek reimbursement "if at any recall election" he is not recalled. The question, then, is whether an incumbent must face an election before he is entitled to reimbursement. In my view he must.
The plain language of both the constitutional and the statutory provision predicate one's ability to recover expenses upon the occurrence of an "election," i.e., a vote of the electors. See Tangeman v. Coates, 51 Colo. 208,117 P. 145 (1911); Carlile v. Henderson, 17 Colo. 532,31 P. 117 (1892).
The purpose of both provisions is to ensure the promotion of "an environment in which voters are capable of reaching an informed decision." Passarelli v. Schoettler, 742 P.2d 867, 871
(Colo. 1987). If no election is held, however, the incumbent will not have incurred expenses to educate voters. Therefore, the legislature is not required to reimburse an incumbent unless an actual recall election is held.
d. You have also asked whether the time frames set forth in section 31-4-504.5(3), C.R.S. (1986) are jurisdictional.
Section 31-4-504.5(3), C.R.S. (1986) governs the time within which a request for reimbursement must be made. It provides:
 The incumbent shall file a complete and detailed request for reimbursement within 60 days after the date of the recall election with the governing body of the municipality holding the recall elections, who shall then review the reimbursement request for appropriateness under subsection (2) of this section and refer such request, with recommendations, to the controller within thirty days after receipt of the reimbursement request.
The provision contains two time requirements. The incumbent must submit his request within 60 days after the recall election, and the municipality must submit its recommendation to the state controller within 30 days after receipt of the request.
The requirement that the incumbent submit his request within 60 days of the date of the recall election is jurisdictional. Mandatory time limits for commencing administrative actions are generally jurisdictional, Country View Care Center v.Colorado Department of Social Services, 703 P.2d 1334
(Colo.App. 1985); Vieweg v. B.F. Goodrich, 170 Colo. 71,459 P.2d 759 (1969), because the state has a strong interest in promoting the finality of decisions. State Personnel Boardv. Gigax, 659 P.2d 693 (Colo. 1983). The incumbent, therefore, must commence the process within the 60 day period provided by statute.
The requirement that the municipality must forward the information to the controller is not jurisdictional. Generally, the failure of any agency to handle a matter within statutory time frames is not jurisdictional. See e.g.,In re Sekerz, 458 N.E.2d 229 (Ind. 1984). The failure of an agency to handle a matter expeditiously should not preclude a citizen from obtaining what is due to him.
SUMMARY
An incumbent who successfully challenges a recall petition is not entitled to payment of expenses incurred in that challenge if an election is not held. Section 31-4-504.5, C.R.S. (1986) requires the successful incumbent to submit a request for reimbursement within 60 days after the election. The incumbent's filing within 60 days is a jurisdictional prerequisite to receiving reimbursement. The municipalities 30 day time limit within which to submit the request to the state controller is not, however, jurisdictional.
Sincerely,
 DUANE WOODARD Attorney General
ELECTIONS PUBLIC OFFICE JURISDICTION
Section 31-4-504.5(1), C.R.S. (1986)
Colo. Const. art. XXI, § 4
ADMINISTRATION ACCOUNTS CONTROL, DIV. OF SECRETARY OF STATE DEPT ELECTIONS, DIV. OF
An incumbent who successfully challenges a recall petition is not entitled to payment of expenses incurred in that challenge if an election is not held. Section 31-4-504.5 requires the incumbent to submit a request for reimbursement within 60 day after the election. Filing within 60 days is a jurisdictional prerequisite to receiving reimbursement. The 30 day time limit within which the municipality must submit the request to the state controller is not jurisdictional.