February 28, 1992

CLERK OF COURT
SUPREME COURT. CNMI
FILED

92 FEB 28 A9: 3⁶

BY: _____

# IN THE SUPREME COURT OF THE
## COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

NANSAY MICRONESIA CORPORATION, )
                                   )
        Plaintiff/Appellee,    )
                                     )
        vs.                      )
                                     )
KENNETH L. GOVENDO,          )
                                     )
        Defendant/Appellant.   )
_____ )

APPEAL NO. 90-040
CIVIL ACTION NO. 90-525

OPINION

Argued and Submitted March 6, 1991

Counsel for Plaintiff/Appellee:     Rexford C. Kosack, Esq.
                                           P.O. Box 410
                                           Saipan, MP 96950

Counsel for Defendant/Appellant:   Kenneth L. Govendo, Esq.
                                           Pro se
                                           P.O. Box 2377
                                           Saipan, MP 96950

BEFORE: DELA CRUZ, Chief Justice, VILLAGOMEZ and BORJA, Justices.

DELA CRUZ, Chief Justice:

Kenneth L. Govendo ("Govendo") appeals a declaratory judgment entered in favor of Nansay Micronesia Corporation ("Nansay"), declaring that the notice of administrative appeal filed by Govendo with the CNMI Coastal Resources Management ("CRM") Office was "null and void" because it was untimely filed.

14

## I.

Nansay applied to CRM for a coastal resources permit to build a hotel.[1] Govendo, who opposed the Nansay project and objected to the issuance of a permit, petitioned for and was granted intervenor status, pursuant to CRM regulation 8(F)(ii)(c).[2]

CRM approved the application and issued the permit in favor of Nansay on March 13, 1990. Notice of the agency decision was published in a Saipan newspaper on April 6, 1990. Govendo filed a notice of appeal with CRM on May 4, 1990, fifty-one days after the permit decision was issued. He was not served a copy of the decision.

At the time Govendo filed his appeal of the agency decision to the CRM Appeals Board, there were no board members on the CRM Appeals Board. CRM regulation 8(H)(ii) provides for a Board quorum of two members and that "the vote of at least two ... members is necessary for Board action on appeal."

Because of the lack of membership on the CRM Appeals Board, Nansay decided to seek a declaratory judgment in Commonwealth Superior Court to the effect that Govendo's appeal to the CRM Appeals Board was untimely and, therefore, the Appeals Board, even if it were duly constituted, has no jurisdiction over the appeal.

---

[1]Such permits are required for certain construction projects under the Coastal Resources Management Act of 1983, 2 CMC § 1501, et seq.

[2]"Any person who can show that the general public would be adversely affected by the proposed CRM permit project shall be admitted as parties [sic] upon timely filing of a petition for intervenor [sic]."

15

It contended that 2 CMC § 1541(b), which provides a 30-day period within which to file the notice of appeal, is mandatory.

2 CMC § 1541(b) provides, in part:

> Any person aggrieved shall have 30 calendar days to appeal the joint decision of the coastal resources management regulatory agencies to the Appeals Board. The Appeals Board shall hear and rule on appeals brought by any person aggrieved by coastal permit decisions, as prescribed by regulations.

After a hearing, the trial court ruled that because Govendo failed to file his appeal within thirty days of the date of permit issuance, his administrative appeal was "null and void." The court summarily rejected Govendo's argument that the 30-day filing period under 2 CMC § 1541(b) is not mandatory because to so interpret the statute would violate his right to due process.

Govendo contends, in the instant appeal, that the trial court erred in concluding that the notice of appeal filed with CRM was not timely and was "null and void." He specifically argues (a) that the 30-day filing period under 2 CMC § 1541(b) is directory, not mandatory; (b) that interpreting the statute as mandatory violates his right to due process of law; and (c) that the 30-day filing period begins to run only after an aggrieved person has received actual notice of the CRM permit decision. All of these issues involve conclusions of law or matters of statutory interpretation, which we review de novo. Sablan v. Iginoef, Appeal No. 89-008 (N.M.I. June 7, 1990).

## II.

We begin our analysis by pointing out that Govendo is not

16

challenging the propriety of Nansay's court action for declaratory judgment to determine the question of whether the appeal taken by Govendo to the CRM Appeals Board is barred by 2 CMC § 1541(b). Instead, the basic issue he is raising for our review is his contention that the declaratory judgment entered in favor of Nansay was erroneous because the 30-day period within which to file an appeal to the CRM Appeals Board, pursuant to 2 CMC § 1541(b), begins running after an aggrieved person has received actual notice of the CRM permit decision.

Nansay does not dispute that Govendo, an intervenor, is an aggrieved person within the meaning of 2 CMC § 1541(b). That being the case, we proceed to review the meaning of the first sentence of the statute: "Any person aggrieved <u>shall have 30-calendar days to appeal</u> the joint decision of the coastal resources management regulatory agencies to the Appeals Board." (<u>Emphasis</u> <u>added</u>).

Govendo contends that the 30-day period provided for appealing a CRM permit decision should be read to mean that such period begins running only after an aggrieved person has "actual knowledge" of the permit decision. He further contends that the CRM agency attorney had informed him that such was CRM's view of the statute and, therefore, CRM is estopped from asserting that his appeal was untimely filed and, therefore, barred.

We have previously ruled in <u>Tudela v. Marianas Public Land Corporation</u>, No. 90-011 (N.M.I. June 7, 1990), that the filing of a notice of appeal, within the context of Com.R.App.Proc. Rule 4(a)(1), is both mandatory and jurisdictional. <u>Tudela</u>, however,

17

involves the untimely filing of a notice of appeal from a Superior Court judgment. The timely filing of the notice of appeal, we noted in Tudela, confers appellate jurisdiction on this Court.

The instant case, however, involves a somewhat different situation. It involves the filing of a notice of appeal entirely within the administrative level. Since the entire CRM permit process and any administrative appeal taken are governed by the Coastal Resources Management Act ("Act") (2 CMC § 1501, et seq.) and the regulations issued pursuant thereto, we need to first address the question of when the 30-day period begins and whether the appeal taken by Govendo, an aggrieved intervenor, was timely or not. If untimely filed, we next address whether the 30-day requirement is mandatory and jurisdictional. If it is, then the CRM Appeals Board does not have jurisdiction to entertain the appeal taken by Govendo.

In construing the meaning of 2 CMC § 1541(b) we are guided by relevant canons of statutory construction. A basic canon is that statutory language must be given its plain meaning. Commonwealth Ports Authority v. Hakubotan Saipan Ent., Inc., No. 90-005 (N.M.I. Aug. 8, 1991). 2 CMC § 1541(b) provides for the taking of an administrative appeal to the CRM Appeals Board established under 2 CMC § 1541(a). Section 1541(b) permits an aggrieved person to appeal a CRM permit decision, but the same section gives that person only 30-days to appeal the decision.

Govendo contends that the 30-day period begins to run only after he has received actual notice of the CRM permit decision.

18

Otherwise, he asserts, one cannot appeal a decision that he does not know has been issued.

The right to file an administrative appeal is provided by the Act. The Act, however, is not altogether clear whether the 30-day period begins running from the date of issuance of the CRM permit decision or upon receipt of actual notice. Because of this ambiguity in the statute, we need to ascertain what is the intent of this particular provision of § 1541(b).

Although the words "shall have 30 calendar days" appear to be mandatory, rather than directory, the dispositive issue is when does the 30-day period begins. For the reasons hereafter set forth, we hold that the 30-day period began running on the day the CRM permit decision was issued, and not on the day Govendo received actual notice of the decision.

Our holding is based on Section 8(H), now Section 8(G), of the CRM Rules and Regulations ("CRM Regs.") which clarifies the ambiguity in 2 CMC § 1541(b) and clearly specifies that "[a]ny person aggrieved by a decision of the CRM Agency Officials ... may appeal the decision to the CRM Appeals Board by filing a notice of appeal with the CRM Office <u>within thirty (30) days of the issuance of the CRM Permit decision</u>." (<u>Emphasis</u> <u>added</u>). <u>Commonwealth Register</u>, Vol. 7 No. 10, October 17, 1985, p. 4083 <u>et</u> <u>seq</u>; and <u>as amended</u>, Vol. 12 No. 7, July 15, 1990, p. 7186, <u>et</u> <u>seq</u>. Any statutory ambiguity was erased by the CRM Regulation.

Since the decision at issue came out on March 13, 1990, Govendo had until April 12, 1990 to file his appeal. His filing of

the appeal on May 4, 1990, was thus untimely and the CRM Board had no jurisdiction to hear the appeal. See, e.g. Country Care View Center, Inc. v. Colorado Department of Social Services, 703 P.2d 1334 (Colo. Ct.App. 1985) (Mandatory time limits for commencing administrative appeals are generally viewed as jurisdictional).

We reject Govendo's contention that our interpretation -- that § 1541(b) is mandatory and jurisdictional -- violates his right to procedural due process. We fail to see where or how Govendo's due process right is implicated. Our interpretation does not deprive him of life or property. His contention that his liberty interest at stake is the "liberty given to him by law to effectively participate in the coastal decision making process," Appellant's Opening Brief, at 6, is without merit. We do not question the right given him under the Act to participate as an intervenor. But the right to file an appeal is also governed by the Act and the regulations promulgated. That is the process due him at law.

We also reject Govendo's alternative argument that, since the CRM attorney erroneously advised him as to when the 30-day period began running, therefore, the CRM Appeals Board is estopped from not entertaining his appeal. Where both the statute and regulation at issue are clear on the matter, one may not rely on an erroneous legal advise given by another. Further, the party to this case is Nansay, not CRM whose counsel gave the wrong advice. Nothing precludes Nansay from asserting what the CRM statute and regulation

20

together clearly provides.[3]

Accordingly, the declaratory judgment entered by the Superior Court that the administrative appeal taken by Govendo was "null and void" is hereby **AFFIRMED**.

Dated this ___28th___ day February, 1992.

Jose S. Dela Cruz, Chief Justice

Ramon G. Villagomez, Associate Justice

Jesus C. Borja, Associate Justice

---

[3]Aside from the erroneous advice given Govendo by the CRM attorney as to the 30-day period, we note that the CRM Permit Decision at Part V (page seventeen) contributed to the erroneous views of CRM on the matter. Part V (Right Of Appeal) reads: "A notice of appeal must be filed in writing, stating the disputed issue(s), and delivered to the Coastal Resources Management Office within thirty (30) days of the date of receipt of this permit." (Emphasis added.) Such provision is contrary to the clear language of the CRM Regulations. The regulation is the law and prevails over the decision's language format. CRM is advised to amend the language at issue so that no further confusion will take place.