E-FILED
CNMI SUPREME COURT
E-filed: Oct 14 2025 04:50PM
Clerk Review: Oct 14 2025 04:51PM
Filing ID: 77299136
Case No.: 2024-SCC-0003-CIV
NoraV Borja



IN THE

# Supreme Court

OF THE

# Commonwealth of the Northern Mariana Islands

---

**DS CORPORATION AND DAE SUN EO,**
*Plaintiffs-Appellants,*

*v.*

**LONG FENG CORPORATION AND GUO WU LI,**
*Defendants-Appellees.*

**Supreme Court No. 2024-SCC-0003-CIV**

---

**SLIP OPINION**

**Cite as: 2025 MP 8**

Decided October 14, 2025

———————

CHIEF JUSTICE ALEXANDRO C. CASTRO
ASSOCIATE JUSTICE JOHN A. MANGLOÑA
ASSOCIATE JUSTICE PERRY B. INOS

———————

Superior Court Criminal Action No. 18-0094-CV and 18-0095-CV
Judge Wesley M. Bogdan, Presiding

———————

MANGLOÑA, J.:

¶ 1      Plaintiffs-Appellants DS Corporation and Dae Sun Eo appeal the trial court's order granting Defendants-Appellees Long Feng Corporation and Guo Wu Li's motion to dismiss for failure to prosecute. The dismissal followed a prolonged period of procedural delays, including missed deadlines and failure to appear at a mandatory status hearing. We AFFIRM the dismissal.

## I. FACTS AND PROCEDURAL HISTORY

¶ 2      In March 2018, DS Corporation and Dae Sun Eo (collectively "DS Corporation") filed separate actions against Long Feng Corporation and Guo Wu Li (collectively "Long Feng Corporation") arising from lease disputes. The cases were consolidated two months later and scheduled for mediation. Over the following four years, plaintiffs changed counsel multiple times, and the trial was rescheduled on several occasions.

¶ 3      At a December 2022 status conference, the court warned DS Corporation to have counsel enter appearance by the next hearing or have their case dismissed. In January 2023, Long Feng Corporation filed for dismissal under NMI Rule of Civil Procedure 41(b) for failure to prosecute. Despite the court's December warning, DS Corporation's counsel failed to appear at the February 7 status hearing. New counsel entered an appearance later that afternoon, after the hearing had already concluded.

¶ 4      The trial court dismissed all claims with prejudice in July 2023. Two months later, after the deadline to appeal the July order would have passed if measured from the date of the dismissal, DS Corporation moved for an extension of time to appeal for excusable neglect, stating that it had not seen the email serving the July dismissal and so did not know it needed to appeal. DS Corporation argued this did not constitute unreasonable, willful, or inexplicable behavior sufficient to warrant dismissal with prejudice. In the alternative, the court could enter a judgment for the July order that could then be timely appealed.

¶ 5      In November, the trial court denied the motion, determining that the factors weighed against a finding of excusable neglect and that no judgment could be filed because the order already "was a separate legal document." App. at 23. DS Corporation then appealed both the July and November orders.

## II. JURISDICTION

¶ 6      We have appellate jurisdiction over final judgments and orders of the Commonwealth Superior Court. NMI CONST. art. IV, § 3; *Dep't Pub. Lands v. Blas*, 2023 MP 7 ¶ 8.

## III. STANDARD OF REVIEW

¶ 7      Dismissals under NMI Rule of Civil Procedure 41(b)[1] are reviewed for abuse of discretion. *Blas,* 2023 MP 7 ¶ 10. Whether a notice of appeal is timely

---

[1] (1) If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under Rule 41(b) and any dismissal not under Rule

is a question of law reviewed de novo. *Nansay Micr. Corp. v. Govendo*, 3 N. Mar. I. 12, 16 (1992). We also review interpretations of court rules de novo. *In re Commonwealth*, 2022 MP 5 ¶ 8.

## IV. DISCUSSION
### A. Dismissal for Failure to Prosecute

¶ 8 The main issue on the merits of this case is whether the court erred in dismissing the claims with prejudice. Courts must consider five factors when deciding on motions to dismiss under Rule 41(b): "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Villagomez v. Marianas Ins. Co.*, 2021 MP 12 ¶ 14. We can affirm the dismissal if three of the factors strongly support dismissal, or four factors support dismissal. *Blas*, 2023 MP 7 ¶ 11. We will address each factor in turn.

### 1. Public's Interest in Expeditious Resolution of Litigation

¶ 9 The first factor considers the public interest in efficiently and effectively resolving disputes. *Id.* ¶ 20. The public's interest always favors dismissal when a plaintiff causes substantial delay, and any dilatory conduct only reinforces this interest. *See Sue Yue Min v. Feng Hua Enter.*, 2017 MP 3 ¶ 12 (finding three years of inaction weighed heavily towards dismissal). Here, DS Corporation repeatedly stalled proceedings. It failed to appear at a scheduled status conference, prompting postponement. App. at 45. It then cycled through attorneys without advancing its claims, leaving the case idle for nearly five years. *Id.* at 45–46.

¶ 10 DS Corporation argues these delays reflected good-faith efforts to retain counsel. Appellant's Br. at 16. However, that argument does not justify years of inactivity. Other jurisdictions have treated similar conduct as inexcusable, emphasizing that failing to appear and repeatedly changing attorneys is among the most disruptive forms of delay. *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (considering the slowing effect that switching counsel four times had on the proceedings).

¶ 11 In *Al-Torki v. Kaempen*, the court upheld dismissal after finding that the plaintiff was aware of his trial date, had been expressly ordered by the court to be present for pretrial and trial, but nonetheless failed to appear personally or by counsel at the time his case was called for trial. 78 F.3d 1381, 1385 (9th Cir. 1996). The court notably distinguished that the plaintiff "willfully elected not to

---

41—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication upon the merits.

(2) An action or claim court may be dismissed without prejudice for lack of prosecution, pursuant to Rule 16 of the Commonwealth Rules of Practice.

NMI R. CIV. P. 41(b).

comply," and was not prevented by medical, financial, or other excusable circumstances. *Id.*

¶12     We find the case before us to be similar to *Al-Torki*. DS Corporation was aware of its obligation to appear at the hearing with counsel. Despite having the ability to do so, its counsel failed to appear. There were no medical, financial, or other barriers preventing attendance. Rather, it appears to be the result of DS Corporation's failure to communicate with its counsel. The case was unable to move forward, just as it had been unable to move forward for the previous three years. A party's failure to appear after having received notice three times, coupled with consistent counsel changes without substantive progress, constitutes dilatory action. The public's interest in resolving disputes efficiently weighs decisively in favor of dismissal.

### 2. Court's Need to Manage Docket

¶ 13     The second factor weighs a related interest to the first, which is the court's ability to make sure their docket is progressing at an appropriate speed. "[W]e give great deference to the court's concern over its docket management since it is best situated to decide when delays interfere with its workload." *Blas*, 2023 MP 7 ¶ 13. The trial court found that the constant change of counsel by DS Corporation hindered its workload and docket management. App. at 50. This factor also favors dismissal.

### 3. Risk of Prejudice to Defendants

¶ 14     The third factor examines whether delay prejudiced the defendants. Delay is presumptively prejudicial, and DS Corporation has failed to provide sufficient evidence to overcome that presumption. *Su Yue Min*, 2017 MP 3 ¶ 24. Whether delay causes evidentiary harm depends on the nature of the case. DS Corporation argues this is a straightforward contract case with minimal risk of losing evidence. While contract disputes generally rely on written evidence, the record shows witness testimony is also a key component in this case. Long Feng Corporation repeatedly sought depositions from DS Corporation, to no avail. App. at 48. Likewise, DS Corporation served interrogatories that required recollections about what Long Feng had been told regarding their right to remain on the property at various times. *Id.* at 133, 136-37. Unlike in *Milne v. Po Tin*, where only the written contract controlled, this case depends partly on witness accounts. 2001 MP 16 ¶ 23, 30. *See also Blas*, 2023 MP 7 ¶ 14 (having written witness statements available in place of witnesses did not eliminate prejudice caused by delay). Memories fade, and the prolonged delay impaired Long Feng Corporation's ability to present its case. Thus, the presumption of prejudice to the defendant remains unrebutted, and strongly supports dismissal.

### 4. Public Policy Favoring Disposition of Cases on the Merits

¶ 15     The fourth factor reflects the strong public policy preference for resolving cases on their merits. *Blas*, 2023 MP 7 ¶ 15. This policy, however, is outweighed when a plaintiff's conduct prevents meaningful progress. *Villagomez*, 2021 MP 12 ¶ 23. In *Villagomez* and *Su Yue Min*, we upheld dismissals where plaintiffs allowed cases to linger for years without substantive motions. *Id.* ¶¶ 23–24; 2017

MP 3 ¶ 25. In cases where the court found error in a decision dismiss for failure to prosecute, we found that during the entire period where the case 'stalled,' both parties had been active in filing motions and in making other moves to try and resolve the case. *Wabol v. Villacrusis*, 2000 MP 18 ¶ 25. Here, DS Corporation has not shown such initiative. Again, it entirely lacked substantive motions from 2021 to 2023 and instead frequently changed counsel. App. at 52. When the probability that a case will ever be decided on its merits diminishes over years of inactivity, this factor carries diminished weight.

### 5. Availability of Less Drastic Sanctions

¶ 16    The final factor contemplates whether the court explored alternatives to dismissal. *Su Yue Min*, 2017 MP 3 ¶ 26. A warning that failure to obey a court order would result in dismissal is a sufficient alternative sanction to immediate dismissal. *Id.* The trial court explicitly warned DS Corporation that failure to obtain counsel by February would lead to dismissal. App. at 87. This warning demonstrates that the court did, in fact, consider alternative sanctions.

¶ 17    The court found all five factors favored dismissal, and we are not persuaded that this determination was in error. The trial court did not abuse its discretion in dismissing the case for failure to prosecute.

### B. Orders Should be Accompanied by Judgments Compliant with the Separate Document Rule.

¶ 18    This appeal requires us to address whether a dismissal order can satisfy the separate document requirement of Rule 4(a). In *Commonwealth ex rel. Brown v. Kumagai*, we defined Rule 4(a)(7)'s "separate document" as a formal separate entry of judgment. 2006 MP 20 ¶ 18, 21. This judgment must "be in a different form" from the announced order. *Id.* NMI CIV. PRO. R. 54(a) requires that the judgment "not contain a recital of pleadings, the report of a master, or the record of prior proceedings." *Id.* ¶ 19. If an order contains these things, it cannot be its own judgment, does not satisfy the separate document rule, and cannot be appealed until there is a judgment or 150 days have passed. NMI SUP. CT. R. 4(a)(7).

¶ 19    The trial court determined in its November order that no judgment was needed for the July dismissal order, nor could one be filed to allow an appeal to be timely entered. App. at 23. The court predicates this holding on the idea that the dismissal order itself satisfied the separate document requirement of NMI SUP. CT. R. 4(a). Despite that determination, the Clerk of Court withheld this appeal for a period of 150 days from the Supreme Court as if no separate judgment had been filed. App. at 2; NMI SUP. CT. R. 4(a)(7). We take this opportunity to clarify the duty of the Clerk of Court to issue separate judgments giving effect to court orders and allowing for the swift administration of appeals.

¶ 20    The Superior Court must issue a judgment for every order. NMI SUP. CT. R. 4(a)(1) says that civil cases may be appealed "within 30 days after the entry of judgment or order appealed from, as defined in Rule 4(a)(7)." NMI SUP. CT. R. 4(a)(2) also clarifies that if a Notice of Appeal has been filed before the entry

of judgment, it is treated as filed on the date of entry. NMI SUP. CT. R. 4(a)(7) then defines the entry of judgment or order as the earlier of two options: either when the judgment is set forth on a separate document, or after 150 days have passed since the clerk entered the judgment or order in the civil docket.

¶ 21    The Clerk of Court is both permitted and encouraged to issue judgments as separate documents without requiring the judge's signature, provided the judgment clearly reflects the intent of the court's order. *See* COM. R. PRAC. 14(d). Enforcement of the separate document rule facilitates the efficient use of judicial resources. *Kumagai*, 2006 MP 20 ¶ 22. More specifically, this rule was established to prevent the transmittal of appeals that were not yet ripe. In practice, the rule has often had an antithetical effect of mandating a 150-day waiting period for appeals lacking a separately-entered judgment. It has become evident that clerks do not enter separate documents as often as they should, effectively making a concerning number of appeals wait 150 days. We encourage implementation of the separate document rule as articulated in *Kumagai,* with a judgment issued promptly after each dispositive order.

¶ 22    Furthermore, *Kumagai* and its progeny make it clear that the separate document rule is applied strictly in the Commonwealth. *See, e.g.*, *In re Estate of De Castro*, 2009 MP 3 ¶ 13. Parties may bypass the waiting period caused by the separate document rule if they agree to waive the requirement, as recognized in *De Castro. Id.* ¶ 21. In the case of a waiver, it is the duty of the Clerk of Court of the Superior Court to transmit the Notice of Appeal immediately. This Court cannot waive the rule and assert our jurisdiction early if the Superior Court's practice is to hold these appeals and delay transmittal, without informing the Supreme Court that the Notice of Appeal is sitting in limbo.

### C. The request to extend the appellate filing time is moot.

¶ 23    Finally, DS Corporation requests review of the trial court's denial of their motion to extend the time to appeal the July dismissal order. Under NMI SUP. CT. R. 4(a), when no separate judgment document is filed, the judgment is not considered entered for the purposes of triggering the 30-day appeal period until 150 days after the order is issued. This rule effectively provides appellants a total of 180 days to file a notice of appeal. DS Corporation filed within this extended timeframe. Therefore, any review of the court's denial of an extension is moot, as no extension was necessary.

### V. CONCLUSION

¶ 24    For the foregoing reasons, we AFFIRM the trial court's order granting Long Feng Corporation and Guo Wu Li's Rule 41(b) motion to dismiss, with prejudice, for failure to prosecute.

SO ORDERED this 14th day of October, 2025.

/s/ _____
ALEXANDRO C. CASTRO
Chief Justice

/s/
JOHN A. MANGLONA
Associate Justice


/s/
PERRY B. INOS
Associate Justice


COUNSEL

Juan T. Lizama, Saipan, MP, for Plaintiff-Appellant.

Steven P. Pixley, Saipan, MP, for Defendant-Appellee.

*NOTICE*

*This slip opinion has not been certified by the Clerk of the Supreme Court for publication in the permanent law reports. Until certified, it is subject to revision or withdrawal. In any event of discrepancies between this slip opinion and the opinion certified for publication, the certified opinion controls. Readers are requested to bring errors to the attention of the Clerk of the Supreme Court, P.O. Box 502165 Saipan, MP 96950, phone (670) 236–9715, fax (670) 236–9702, e–mail Supreme.Court@NMIJudiciary.gov.*

E-FILED
CNMI SUPREME COURT
E-filed: Oct 15 2025 09:25AM
Clerk Review: Oct 15 2025 09:26AM
Filing ID: 77308257
Case No.: 2024-SCC-0003-CIV
NoraV Borja




IN THE

# Supreme Court

OF THE

# Commonwealth of the Northern Mariana Islands

---

**DS CORPORATION AND DAE SUN EO,**
*PLAINTIFFS-APPELLANTS,*

*V.*

**LONG FENG CORPORATION AND GUO WU LI,**
*DEFENDANTS-APPELLEES.*

---

**Supreme Court No. 2024-SCC-0003-CIV**
Superior Court Nos. 18-0094-CV and 18-0095-CV

## JUDGMENT

Appellants DS Corporation and Dae Sun Eo appeals the trial court's order granting Appellees Long Feng Corporation and Guo Wul Li's motion to dismiss for failure to prosecute. For the reasons discussed in the accompanying opinion, the Court AFFIRMS the dismissal.

ENTERED this 15th day of October, 2025.


  /s/
_____
JUDY T. ALDAN
Clerk of the Supreme Court